GILMORE *v.* THE BOARD OF COMMISSIONERS OF PUTNAM CO.

TRIAL BY REFEREES.—Before there can be a reference for trial, there must be an action pending; and there can be no action pending unless there are adversary parties.

ACTION.—The filing of a claim against a county before the Board of Commissioners does not constitute an action, and there can, in such case, be no reference for trial.

ARBITRATION.—*Reference.*—The appointment of a committee by the Board of County Commissioners, to examine the books and accounts of a county treasurer who presents a claim for services, and to report whether there is any money due the treasurer, does not amount to a submission to arbitrators, or a reference to referees, and the report of a committee so appointed is not binding, either upon the county or the claimant.

TRIAL BY REFEREES.—A trial by referees is conducted in the same manner as a trial by the court. They may be required to state the facts and conclusions of law separately; otherwise they may render a general finding.

SAME.—*Report of Referees.*—The report of referees stands as a general finding by a court, or as the special verdict of a jury, and the finding in the one case, and the verdict in the other, must be followed by a judgment thereon, or they will amount to nothing.

PLEADING.—*Complaint.*—*Settlement.*—Where a complaint is based upon an alleged settlement, a balance struck, and a promise to pay the balance; and the exhibits filed with the complaint contradict the allegations, and conclusively show that there has been no settlement and no promise to pay, the complaint will be bad on demurrer.

APPEAL from the Putnam Common Pleas.

BUSKIRK, J.—The complaint in this action originally consisted of three paragraphs, but the appellant, in the court below, dismissed the first paragraph. The second paragraph of the complaint alleges, in substance, that the appellant, on the 4th day of June, 1868, presented to the Board of Commissioners a petition, in which he represented that he had been the treasurer of said county during the years 1855, 1856, 1857, and 1858; that there was due him from said county the sum of three thousand dollars for services rendered by him as such treasurer for said county, for which he had failed and neglected to charge the said county, and that the same still remained due and unpaid; that upon the presentation of such claim, the board of commissioners

Gilmore *v*. The Board of Commissioners of Putnam County.

made and entered upon their records an order, in these words:

"John Gilmore *v*. Putnam County. Comes now John Gilmore, and presents his claim for fees accrued during his term of office as county treasurer, and neglected to be charged up to the county at that time; and the board, being sufficiently advised, do appoint James J. Smiley, Jonathan Birch, and John A. Cruse, a committee to examine the books of the treasurer's office, and ascertain if any moneys are due the said Gilmore. The expenses of said committee to be paid by said Gilmore;" that the said committee submitted to the board of commissioners a detailed and itemized statement of the services performed by the said Gilmore, for which he received no pay, and the value thereof, and closed with the following recommendation, namely: "And your committee are of the opinion that the above claims are equitable and just, and we recommend the allowance of the same;" that the said board of commissioners rejected the said claim, and refused to allow the same or any part thereof; that the action of the said board of commissioners in appointing the said committee, with directions to examine and report what moneys were due the appellant, amounted to a submission of the said claim to referees; and that the report of the said committee was the award of the said referees, and is binding upon the said board of commissioners, as the award and decision of referees.

The third paragraph alleges, in substance, that the board of commissioners of said county, being indebted to the plaintiff, an accounting and settlement took place, and that upon such accounting there was found due to the plaintiff the sum of two thousand and twenty-four dollars and forty-four cents, which the board promised to pay; and there was filed with and made a part of the said paragraph, the claim of the plaintiff as presented to the board of commissioners, the order of the board appointing the committee mentioned in the second paragraph, and the report of the committee.

The appellee demurred to the second and third paragraphs

of the complaint. The demurrer was sustained. The appellant refused to amend, and judgment was rendered on demurrer. There was an exception to such ruling, and this is assigned as error in this court. The only question raised by the record is, whether the action of the court in sustaining the demurrer to the complaint was correct.

This action is not based upon the indebtedness of the county to the appellant, nor does he seek to recover upon such indebtedness, as a legal claim. In the second paragraph, he relies upon an agreement to refer the claim to referees and their report, while in the third paragraph he relies upon a settlement. It is not claimed in the complaint that there was an arbitration and award, either at common law or under the statute, but it is expressly averred that the claim was, by the agreement of the parties, submitted to referees. It is claimed, in argument, that it was an arbitration at common law. The allegations of the complaint are binding upon the appellant, and should be regarded by us instead of his argument. The question then is, was there a reference to, and a trial by, referees, under sections 349, 350 and 351 of the code, 2 G. & H. 210, 211.

Before there can be a reference, there must be an action pending. There can be no action unless there are adversary parties. When there is an action pending between adversary parties, all or any of the issues involved in such action, either of fact or of law, or both, may be referred, upon the written consent of the parties. The filing of a claim against a county before the board of commissioners, does not constitute an action, and there could be, in such case, no reference. If the appellant had, instead of filing his claim for allowance before the board of commissioners, commenced an action against such board in the circuit or common pleas court, there would have been an action pending between adversary parties, who possessed the legal capacity to submit the same to arbitration, or refer it to referees for trial. But suppose there was an action pending in such a form, and in a court, where there could have been either a submis-

sion to arbitration or a reference to referees, do the facts set out in the second paragraph of the complaint show that there was either a submission or reference, or that there was either an award or a report? We think they do not. The facts stated do not make out either a submission at common law or under the statute, or a reference to, and trial by, referees. The proceeding was just what the order of the board declared it to be. It was the appointment of a committee to examine the books of the treasurer and report whether there were any moneys due the appellant. The committee had no power to hear proof and determine the rights of the parties. The report of the committee was not binding, either upon the claimant or the county. The committee do not find that the appellant had any legal claim against the county, but they say 'that the claim was "equitable and just." If the order of the board appointing the committee did constitute a reference under the code, the action of the committee was in direct conflict with section 350, *supra.* The trial by referees is conducted in the same manner as a trial by the court. They may be required to state the facts and conclusions of law separately; otherwise they render a general finding. Their decision must be given, excepted to, and reviewed, like the decision of the court. The report of the referees upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court. When the reference is to report the facts, the report has the effect of a special verdict. There was no exception taken to the report; there was no judgment rendered on the finding, or on the special verdict. The report of referees stands as a general finding by a court, or as the special verdict of a jury, and the finding in the one case, and the verdict in the other, must be followed by a judgment thereon, or they will amount to nothing. No action can be maintained either upon a finding by the court or the verdict of a jury. The party that has obtained the finding of a court or the verdict of a jury in his favor has no remedy but to move the court

for a judgment thereon; and if he fails to do so, he has, by his neglect, abandoned his rights, and has no right to complain. It is quite obvious that no valid cause of action was shown by the facts stated in the second paragraph of the complaint, and that the court committed no error in sustaining the demurrer.

It is equally plain that there was no cause of action stated in the third paragraph of the complaint. That paragraph alleged that there was a settlement, a balance struck, and a promise to pay such balance. The appellant referred to, and incorporated into that paragraph, the claim of the appellant, the order of the board appointing a committee, the report of the committee, and the order of the board rejecting the claim. In placing a construction upon the pleading, we have to examine the exhibits, as well as the allegations of the pleader. The exhibits contradict the allegations of the complaint, and conclusively show that there was no settlement, and no promise to pay. The board of commissioners can only speak by their record. The record shows that instead of there having been an accounting, there was a reference, to obtain information, and when such information was received, the claim was rejected. The court did right in sustaining the demurrer to the third paragraph.

The judgment is affirmed, with costs.

*W. A. McKenzie, D. C. Donnohue, D. E. Williamson,* and *A. Daggy,* for appellant.

*M. A. Moore* and *S. Turman,* for appellee.