IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

### NOVEMBER TERM, 1919.

---

CONSOLIDATED ELECTRIC LAMP COMPANY, RESPOND-
ENT, v. THE LUX MANUFACTURING COMPANY, AP-
PELLANT.

> Submitted December 4, 1919—Decided April 9, 1920.

> Where an issue involving an account between parties to an action is
> referred, the report of the referee has, under the provisions of
> section 155 of the Practice act of 1903, the effect of a verdict,
> unless, at the time of the reference, either party enters in the
> minutes the reservation of a right to trial by jury. Under the
> provisions of the section named, and of rule 99 of the Supreme
> Court, where both parties have consented to the reference, a sub-
> sequent dissent by either party is ineffective to secure a jury
> trial.

---

On appeal from the Hudson County Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN
and BLACK.

For the appellant, *Hartshorne, Insley & Vreeland.*

For the respondent, *Arthur T. Dear.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The present suit was brought to recover the sum of $817, with interest claimed by the plaintiff to be due to him from the defendant. The defendant answered denying liability, and also counter-claimed for $123. After the case was at issue an order was made referring it to Charles J. Roe to take and state and report an account between the parties, and the amount that might be due from either one to the other. This rule was actually entered on the 24th day of January, 1918, and was consented to by both parties. A week after the making of the rule of reference, and on January 31st, 1918, the defendant entered in the minutes the following dissent: "An order of reference having been made in the above-named cause the defendant reserves its right of trial by a jury, and exceptions to the report of the referee, and dissents to the order of reference entered herein." The hearing was begun before the referee on the 25th of January, 1918, and was finished in May, 1919, and a few days later the referee filed his report finding for the plaintiff and against the defendant in the sum of $630.93. After the coming in of the report the defendant excepted to the referee's findings and demanded a trial by jury. The court overruled the exceptions and refused a jury trial upon the ground that the defendant's dissent was not filed in compliance with the statutory requirement regulating the matter, and that in the absence of a legal dissent the referee's report had the effect of a verdict, and must be treated as such.

We think the matter involved in the present appeal was properly disposed of by the Circuit Court. Section 155 of the revised Practice act of 1903 provides that either party may "at the time of ordering the reference" enter in the minutes his reservation of a right to trial by jury, and at the same term in which the report of the referee is filed may de-

mand a trial by jury, and that thereupon the action shall be so tried, the costs of the reference to abide the result. It is manifest from the statutory provision that a party who desires to place himself in a position where the report of the referee shall not be final and conclusive as to him, upon being confirmed by the court, can only do so by entering in the minutes *at the time of ordering the reference* his reservation of a right to trial by jury, and that if he fails to do this a demand made by him after the report is filed for such a trial will be bootless, notwithstanding that he shall have made it at the same term in which the report is filed. The language of the statute is perfectly plain, and does not call for judicial construction. The dissent to have vitality must be entered in the minutes at the time when the rule of reference is made, and not a week, or month, or any longer time thereafter.

It may be said, in addition, that under the ninety-ninth standing rule of this court all rules of reference entered by consent of parties may state whether the award of the referee is to have the effect of a finding of arbitrators, or merely the force of a verdict; and that in the absence of such statement the award shall be treated as a verdict. The rule of reference in the present case was consented to by both parties; it contained no statement with relation to the effect which the award of the referee should have. The Circuit Court, therefore, was entirely justified in dealing with the exceptions to the referee's report as being, in legal effect, an attempt made to set aside a verdict.

The judgment under review will be affirmed.