[Civil No. 2353.   Filed June 14, 1926.]

[246 Pac. 1036.]

O. GIBSON, as Administrator of the Estate of GEORGE W. KAISER, Deceased, Appellant, v. WILLIAM C. GORDON and NATIONAL SURETY COMPANY, a Corporation, Appellee.

1. EXECUTORS AND ADMINISTRATORS—DECREE OF PROBATE COURT, SETTLING ADMINISTRATOR'S ACCOUNT AND RECITING PROOF OF NOTICE, HELD NOT SUBJECT TO COLLATERAL ATTACK FOR WANT OF NOTICE TO ADMINISTRATOR, WHERE HE VOLUNTARILY APPEARED (CIV. CODE 1913, PAR. 1013).—Decree of probate court, settling administrator's account, *held* not subject to collateral attack for want of notice of hearing in action by subsequent administrator to recover indebtedness of former to estate, in view of Civil Code of 1913, paragraph 1013, where he appeared at trial and voluntarily submitted himself to jurisdiction of that court, and decree recited that giving of notice was proved to court's satisfaction.

---

1.   See 12 Cal. Jur. 41, 62, 65.

2. STATUTES—STATUTE ADOPTED SUBSTANTIALLY VERBATIM FROM AN-
   OTHER STATE IS IMPLIEDLY ADOPTED WITH CONSTRUCTION WHICH
   HAD PRIOR TO SUCH ADOPTION BEEN PLACED ON IT BY SUPREME
   COURT OF THAT STATE.—Where a statute has been adopted sub-
   stantially *verbatim* from another state by implication, it was
   adopted with construction which had prior to such adoption been
   placed on it by Supreme Court of that state, but subsequent
   constructions of such court have no greater weight than decisions
   of Supreme Courts of other jurisdictions.

3. JUDGMENT. — Decree of probate court, settling administrator's ac-
   count, *held* "final decree," which would support action thereon
   for amount due from administrator thereunder.

See (1) 24 C. J., p. 1031, n. 12, 13.    (2) 36 Cyc., p. 1154, n. 81,
p. 1157, n. 95, 96.    (3) 34 C. J., p. 1083, n. 29.

APPEAL from a judgment of the Superior Court
of the County of Cochise. M. Marsteller, Judge.
Reversed and remanded.

Mr. O. Gibson, *pro se.*

Messrs. Stockton & Craig, for Appellee National
Surety Company.

Mr. J. T. Kingsbury, for Appellee Gordon.

INGRAHAM, Superior Judge.—In this case the
appellee Gordon, on May 15th, 1922, presented to the
probate court of Cochise county his final account as
administrator of the estate of George W. Kaiser, de-
ceased. The heirs of Kaiser were represented by
their attorney, who at once filed objections to said
account, and on May 18th, 1922, appellee Gordon came
into the said probate court, and appellee and said
heirs stipulated through their respective attorneys
that such account and objections thereto might be
heard at once. The decree of the court, reached as

2.  Construction of adopted statutes, see notes in 1 Ann. Cas. 147;
Ann. Cas. 1917B 651, 660. See, also, 23 Cal. Jur. 794; 25 R. C. L.
1060.

a result of such hearing, and dated August 14th, 1922, recites:

"This matter came on for hearing on the 18th day of May, 1922, before the court sitting without a jury, and proof having been made to the satisfaction of the court that the clerk had given notice of the settlement of said account in the manner and for the time required by law," etc.

The cause proceeded to trial on May 18th; both parties introduced evidence, argued the case; it was taken under advisement by the court; briefs were filed; and on August 14th, 1922, the court made its findings of facts and pronounced judgment, allowing certain items of the account, disallowing other items, and ordering Gordon, as such administrator to turn over to his successor Gibson approximately $5,000, certain specific pieces of property, real or personal, naming each, "and any other property of said estate in his hands or under his control." The decree ordered that execution, or other appropriate process issue for the purpose of enforcing the mandates of the decree.

The present action was thereafter brought by said Gibson, as administrator of the estate of Kaiser, against the previous administrator, Gordon, and his bondsman, the National Surety Company, claiming an indebtedness of said Gordon and his bondsman to the Kaiser estate under said probate decree of $5,140.58.

Both Gordon and the National Surety Company filed a plea in abatement, alleging another action pending, to wit, said probate proceeding; that there had never been a final hearing and determination of the contested account in the probate court. This matter came to trial on August 7th, 1924. The defendants, appellees here, offered to prove by the records of the superior court of Cochise county that the purported decree set forth in the complaint, the decree

or judgment referred to above, purporting to settle said account of Gordon as administrator, was made without the clerk's having appointed any day for settlement of said account, and without the clerk's having given any notice of the hearing upon said account. The plaintiff-appellant objected to the admission of such evidence. The objection was overruled. Upon the offers of proof, the following colloquy occurred:

"The Court: You will admit that they will prove that fact? (Failure of clerk to appoint a day; failure of clerk to give notice thereof.)

"Mr. Gibson: So far as I know the records will show that no notice was given of the hearing. We depend upon the fact of the presence of all of the parties."

Thereupon the trial court sustained the plea in abatement, from which judgment this appeal is taken.

The statutes of Arizona, governing the accounts of executors or administrators provide:

"The account must not be allowed by the court until it is first proved that notice has been given as required by this chapter, and the decree must show that such proof was made to the satisfaction of the court, *and is conclusive evidence of the fact.*" (Italics ours.) Civil Code of Arizona, 1913, paragraph 1013.

The decree in the probate court above set forth recites:

"And proof having been made to the satisfaction of the court that the clerk had given notice of the settlement of said account in the manner and for the time required by law."

The question before us is: May the administrator, Gordon, after having filed his account in the probate court, and after having submitted himself to the jurisdiction of that court in a trial, now attack the

judgment of that court collaterally by showing that there was in fact no notice? We think not. By paragraph 1013, above set forth, the duty was cast upon the probate court to ascertain if proper notice had been given before settling the account, and it is directed that the decree shall show that proof thereof was made to the satisfaction of the court, and, when so made and so shown, the recital thereof in the decree is made conclusive evidence of the fact, subject, of course, to review on appeal from the decree in a proper manner. It did not then rest with the trial court in this action, a collateral proceeding, to hear evidence that the probate court had not due and ample proof that proper notice had been given. The decree of the probate court of the fact of notice is by the statute quoted made conclusive evidence of notice.

The state of California has a statute (section 1665, Code Civil Procedure) substantially identical with paragraph 1013, and in construing it the courts of California have held the decree of the probate court showing proof of notice to be conclusive, except on appeal, and not subject to collateral attack. *McClellan* v. *Downey,* 63 Cal. 520. This decision so construing the California statute was pronounced in 1883, four years prior to the adoption of our statute from California, as paragraph 1224, Arizona Revised Statutes of 1887. See, also, *Estate of Sbarboro,* 70 Cal. 147, 11 Pac. 563.

Where a statute has been adopted substantially *verbatim* from another state, by implication, it was adopted with the construction which had prior to such adoption been placed upon it by the Supreme Court of that state. *Territory* v. *Delinquent Tax List of Mojave County,* 3 Ariz. 117, 21 Pac. 768; *Skaggs* v. *State,* 24 Ariz. 191, 207 Pac. 877. Subsequent constructions by such court have no greater weight than

the construction placed upon such statute by the Supreme Courts of other jurisdictions. *Elias* v. *Territory,* 9 Ariz. 1, 11 Ann. Cas. 1153, 76 Pac. 605.

Appellee cites as in favor of his contention that the probate court could not proceed without formal notice, *William F. Smith's Estate,* 122 Cal. 462, 55 Pac. 249 (1898). This case was not one arising upon the settlement of a final account; therefore the statute in California equivalent to paragraph 1013, above cited, did not apply. The decision in the Smith case has been questioned in *Stead* v. *Curtis,* 205 Fed. 439, 123 C. C. A. 507, and in *In re Bell's Estate,* 70 Wash. 498, 127 Pac. 100.

The case at bar is not a case wherein a person not having had opportunity for "his day in court," not actually or constructively having notice of a probate proceeding, attacks collaterally the decree based thereon. In such a case paragraph 1013 above cited might be given a different construction and effect; however, that point we are not now deciding. In this case, the appellee had notice of the hearing in the probate court, appeared with his attorney at the trial therein, voluntarily submitted himself to the jurisdiction of that court, and, under general principles of the law, as well as under paragraph 1013 above cited, he should not now be heard to attack collaterally the judgment rendered at that trial, upon the ground that the court had no jurisdiction over him. This would be giving him a second trial, the first not having resulted to his liking.

The appellee raises the point that the decree of the probate court is not a final decree. Without discussing the matter in detail, suffice it to say that the probate court dealt completely and finally with all it had then before it. In our opinion, the decree was ·final.

Therefore it is ordered, adjudged and decreed, that the judgment entered herein be, and the same is hereby, reversed and the cause remanded to the superior court of Cochise county, with directions to proceed in accordance with this opinion.

McALISTER, C. J., and ROSS, J., concur.

NOTE.—Judge LOCKWOOD having been disqualified, the Honorable FRED L. INGRAHAM, Judge of the Superior Court of Yuma County, was called to sit in his stead.