[Civil No. 3357. Filed October 15, 1934.]

[36 Pac. (2d) 799.]

L. E. HEWINS and HARTFORD ACCIDENT & INDEMNITY COMPANY, a Corporation, Appellants, v. JOSEPH WEILER, Administrator With the Will Annexed *de Bonis Non* of the Estate of WILHELM ENGEL, Deceased Appellee.

Mr. Frank H. Lyman, for Appellant Hewins.

Mr. Samuel White, Mr. Robert McMurchie and Mr. William G. Christy, for Appellant Hartford Accident & Indemnity Company.

Miss Alice M. Birdsall, for Appellee.

LOCKWOOD, J. — This is an appeal by L. E. Hewins and the Hartford Accident & Indemnity Company, a corporation, the latter hereinafter called defendant, from a judgment in favor of Joseph Weiler, administrator with the will annexed *de bonis non* of the estate of Wilhelm Engel, deceased. The appeal was dismissed as to Hewins, and is before us solely on behalf of defendant company.

The facts necessary for a determination of the appeal are not seriously in question and may be stated as follows: On February 28, 1920, Hewins filed a petition asking for the probate of the will of Wilhelm Engel, deceased, and praying that letters of administration be issued to him. This was done on May 10, 1920, and Hewins duly filed his bond as such administrator, with the defendant as surety thereon. Notice to creditors was not given until July, 1924, and no inventory and appraisement was filed until 1925. On December 1st of that year an order was made by the judge of the superior court, having jurisdiction of the matter, suspending Hewins as such administrator, on the ground that it appeared that he had wasted and mismanaged the estate, and citing him to appear and show cause why his letters should not be revoked. A hearing was duly had on the above citation and the letters of Hewins revoked, and a new administrator appointed. Thereafter and on April 10, 1926, Hewins filed an account and report of his administration, praying that a day be set for hearing, and that the account be allowed and he and his surety be discharged. On that day an order was made appointing the 28th day of April, 1926, for hearing the petition, and notice of the hearing was duly given in accordance with the statute. On the day set for the hearing, Hewins being represented in court by his at-

torney, various separate exceptions were filed by interested parties, and the court thereupon made the following order; no objection being then made by anyone:

"The first and final account and report of L. E. Hewins, as administrator of the above entitled estate having this day come on for hearing, and exceptions in writing to said account having been filed herein by Fritz and Hans and Harry Engel, by their respective guardians, and by Alois Weiler, the present administrator of said estate, and the successor of said L. E. Hewins; and it appearing to the court from the matters and things set up in said account and report and the exceptions in writing thereto that it will be necessary to examine books, papers and records over a period of years and to take testimony in reference thereto before said account and report can be settled and determined; and that this court should appoint a referee to examine the accounts and the matters and things involved in said account and report and the exceptions in writing thereto, and to make report thereon, subject to confirmation by this court;

"It is therefore ordered that Carrie M. Lambert be and she is hereby appointed referee by this court to examine into all matters connected with said account and report and the exceptions in writing thereto, and to make report thereon to this court; and said referee is hereby vested with full power and authority to take testimony, subpoena witnesses and to issue process therefor and for any books, papers and records necessary in the conduct of said examination; and the said L. E. Hewins and Stephen B. Rayburn, and their agents or attorneys are hereby required and ordered to allow said referee to inspect all books, papers, bank statements and data of every kind and nature touching the affairs of the estate of Wilhelm Engel, deceased, and the affairs of Wilhelm Engel, and concerning any amounts due by them, or either of them to the estate of Wilhelm Engel, or to William Engel.

"It is further ordered that the hearing upon the first and final account of L. E. Hewins is hereby continued until the report of the referee herein appointed is filed herein for confirmation."

On July 15, 1926, the referee filed her report with the clerk of the superior court, which report showed, so far as it was possible to make it, a very full and complete examination of the manner in which Hewins had conducted the estate. A few days thereafter the attorney for Hewins had actual knowledge of the filing of the report, though no formal notice was given him. For various reasons, however, he did not examine the report itself until after September 17th, on which day, without further formal notice to anyone, the court made the following order:

"The first and final account of L. E. Hewins, as administrator with the will annexed of the Estate of Wilhelm Engel, deceased, and the written exceptions ·to said account and the settlement thereof, by interested parties, having come on regularly for hearing before the court on the 26th day of April, 1926, and the court having thereupon appointed Carrie M. Lambert as Referee to make examination of all matters pertaining to said account and report and supplement thereto, and the exceptions thereto, and of all other matters pertaining to the administration of said estate by said L. E. Hewins in connection with said account and report, and to make report thereon to the court; and the said Carrie M. Lambert, Referee as aforesaid, having on the 15th day of July, 1926, presented to the court her written report and findings in said matter, together with written testimony and documentary evidence adduced by her in the conduct of her·examination of the matters pertaining to said account and report and the exceptions thereto which have been filed in the matter of said estate, and the court having examined said report of said Referee and the exhibits presented therewith, and having considered the matter, and being fully advised in the premises, and it appearing to the court that said

report should be approved and confirmed; now, therefore,

"It is ordered, adjudged and decreed by the court that the report of the Referee, Carrie M. Lambert, made on the 15th day of July, 1926, and filed in said estate, shall be and hereby is approved and confirmed by the court; the findings therein made by said Referee are hereby approved and confirmed and are adopted by the court, and the contest of the said account and report of said L. E. Hewins is hereby settled, in accordance with said findings and report of said Referee."

The order then continued, finding that Hewins was indebted to the estate on various items amounting to about $13,000, and it was ordered that he and his bondsman should be liable for said sum until it was paid.

On September 27th, Hewins, through his attorney, filed a motion to vacate such order on the ground that he had never had an opportunity to see the report of the referee; that the information upon which such report was based was mainly information which he had no chance to contest; and that the order itself was made by the court without his having had a hearing thereon. Later he filed an amended motion containing many other matters which we need not consider.

The defendant herein also filed an objection to the report of the referee, and a motion to vacate and set aside the order, which was based on substantially the same ground as that of Hewins. These motions were heard on October 26th, the attorneys for Hewins and the defendant both being present, after which the court denied them. Hewins and defendant attempted to appeal to this court from the order last mentioned, but the appeal was dismissed; the reasons therefor being reported in *Hewins* v. *Weiler*, 33 Ariz.

283, 264 Pac. 101. A motion for rehearing on the order of dismissal was filed by Hewins and defendant, which set up that the order of September 17th was void for lack of jurisdiction, but the motion was denied. Thereafter the present suit was filed, based upon the findings and order of September 17th as aforesaid.

While there are a number of assignments of error, and many questions are presented which might be of general interest, it is apparent from the entire record that the point upon which this appeal must turn is whether or not the order of September 17th, above quoted, is void for lack of jurisdiction. If it is, then since the present suit is based entirely upon that order, the appeal must be sustained. If, on the other hand, no matter how erroneous or irregular the order may have been, the probate court had jurisdiction to make it, then the judgment in the present case must be affirmed, for it is axiomatic that an order of this kind cannot be attacked collaterally except on the ground that the court lacked the jurisdiction to make it.

In order that a court may act, three things must concur. It must have jurisdiction (a) of the person of the parties; (b) of the subject matter; and (c) to make the particular order in question. That the court had jurisdiction of the person of the parties is undisputed; that it had jurisdiction of the subject matter, to wit, the administration of the estate of Wilhelm Engel, deceased, cannot be disputed; for it cannot be claimed, as a defect in jurisdiction of the subject matter, that certain property for which the probate court held Hewins must account never belonged to the estate of Wilhelm Engel or passed into the possession of Hewins, as administrator, or that the court found on insufficient evidence that he had

failed properly to account for and manage the assets of the estate, when, as a matter of fact, he had in all respects been faithful to his trust. Such findings of the probate court, no matter how contrary they were to the evidence adduced, would be erroneous, but not made without jurisdiction of the subject matter.

The real question then is: Did the court have jurisdiction to make the particular order in question? Substantially speaking, the only reason, under the undisputed facts of the case, that there could even be a plausible claim that it did not, is that the order of the court made on April 26th, continuing the hearing on the final account, divested it of jurisdiction to make the order of September 17th, on the grounds (a) that the court was without jurisdiction to appoint a referee to take evidence and make a report as a basis for a further order; and (b) that the hearing was continued indefinitely, and the court therefore lost jurisdiction to make any further order without further formal setting and notice thereof given to the parties. Section 4063, Revised Code of 1928, referring to the filing of accounts by administrators, reads as follows:

"§ 4063. Exception to accounts; contest; hearing; reference. On the day appointed or any subsequent day to which the hearing may be postponed, any person interested in the estate may appear and file his exceptions, in writing, to the account, and contest the same. All matters, including allowed claims, not passed upon the settlement of any former account or report or on making a decree of sale, may be contested by the heirs, for cause shown. The hearing may be postponed from time to time, and the court may appoint one or more referees to examine the accounts and make report thereon."

Clearly by this section the court was authorized to appoint a referee to make a report after an examination of the accounts, and to continue the hearing pending the report. But it is contended this continuance must have been to a day certain, or else that it amounts to a general continuance, requiring a new setting with all the formalities required by law. The obvious reason back of defendant's contention is that when any action is to be taken affecting a party, he should have notice thereof, so that he may be heard in defense of his rights. This is but simple justice, and therefore if any action is taken by a court in such a manner that he has been deprived of such an opportunity, we think the error goes to the jurisdiction. But a party may not choose the time, place or manner for his defense, or the form of notice to be given. If he is given a reasonable opportunity to appear, and has notice thereof, actual or constructive, he must take advantage of it in the manner pointed out by the law, or be estopped from claiming he has had no chance to be heard.

We think, therefore, that a continuance, the length of which is contingent on another event, is valid, and no complaint may be made thereof, unless the complainant has thereby been denied an opportunity to be heard. There is nothing in the order of April 26th which would have that effect, and we conclude, therefore, that it was within the jurisdiction of the court.

As a matter of fact, the report was filed on the 15th day of July, and Hewins, through his attorney, had actual knowledge of such filing almost immediately. We consider, then, what were the latter's rights thereafter. A reference under section 4063, *supra*, may be merely for the purpose of taking evidence, or it may also involve the findings of facts by a referee. We

think the order in the present case directed the latter, and it is obvious such was the intention of the probate judge, for he specifically adopted the findings made by the referee. We consider, then, what are the rights of the respective parties when findings of fact are thus made. It is generally held that such findings have the operation and effect of a special verdict by a jury. *Gilmore* v. *Putnam County,* 35 Ind. 344; *Riley* v. *Citizens' Bank,* 220 Mo. App. 963, 272 S. W. 711; *Consolidated Electric Lamp Co.* v. *Lux Mfg. Co.,* 94 N. J. Law 1, 110 Atl. 117; *Keystone Pipe Co.* v. *Liberty Refining Co.,* (Tex. Com. App.) 260 S. W. 1018. We think, therefore, the jurisdiction of the court to act thereon and the rights of the parties are the same as in the case of a special verdict. There is, of course, no necessity for the taking of further evidence, and unless objection be made thereto in the proper time and manner, the report may be confirmed and the proper order or judgment rendered thereon without further ado. What is the time and manner of making such objections? There being no statute fixing this, the usual rule would allow a reasonable time to file exceptions to the report. It appears that defendant had nearly sixty days in which to do this which, in the absence of a showing to the contrary, is certainly a reasonable time. But, defendant says, it was denied this opportunity because the trial judge had taken the report from the files so that it could not be examined with a view to filing exceptions. If such were the case, it was defendant's duty to raise the objection in the probate court by motion to set aside the order of September 17th. The record herein shows such a motion was made and by the probate court overruled, and no effective appeal was taken to this court. It is therefore conclusive on us that defendant had

ample opportunity in the probate court to make any objection it desired to the order of September 17th, and not having done so successfully, the issue cannot be raised again in this proceeding.

Defendant further contends that the order of September 17th does not comply with the provisions of section 4065, Revised Code of 1928, and is therefore void. This section reads as follows:

"§ 4065. Giving of notice must be proven before allowance. The account shall not be allowed by the court until it is first proved that notice has been given as required by this chapter, and the decree shall show that such proof was made, and is conclusive of the fact."

It is urged that the provision requiring the decree itself to show proof of notice was made is mandatory and exclusive, and that no other proof may be offered of the giving of notice. In support of this contention it cites: *Gibson* v. *Gordon,* 30 Ariz. 310, 246 Pac. 1036; *Jent* v. *Jent,* 145 Okl. 74, 291 Pac. 529; *In re Davis' Estate,* 35 Mont. 273, 88 Pac. 957. We have examined these cases, and in our opinion while they do hold that notice is jurisdictional and that the recital in the decree that it was given cannot be attacked collaterally, they do not go to the extent of holding that when the decree is silent, other record proof of the giving of notice may not be offered. In this case the remainder of the record does show statutory notice of the hearing of April 26th, and this was sufficient.

We are of the opinion upon the entire record that the probate court has jurisdiction to make the order of September 17th, *supra.* Such being the case, it may not be attacked collaterally in this proceeding. We have considered the other matters discussed by

defendant, but they are either immaterial, or disposed of in effect by our conclusions as above set forth:

The judgment is affirmed.

ROSS, C. J., and McALISTER, J., concur.