In re PORTLAND ELECTRIC
POWER CO.

No. B–23986.

No. 1087.

United States District Court,
D. Oregon.

July 19, 1948.

Clarence D. Phillips, Portland, Or., for debtor.

Ralph H. King, Portland, Or., for independent trustees of debtor.

Frederick M. DeNeffe, Paul E. Kern, Portland, Or., for Bondholders Committee.

W. Stevens Tucker, San Francisco, Cal., for Securities & Exchange Commission.

Charles A. Hart, Portland, Or., Edgar G. Crossman and Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for Guaranty Trust Co.

Justin N. Reinhardt, Portland, Or., for First Preferred Stockholders.

MacCormac Snow, Harry Beckett, Robert T. Mautz and V. Lyle McCroskey, Portland, Or., for Prior Preference Stockholders.

JAMES ALGER FEE, Chief Judge.

There has come before the Court the report of Estes Snedecor, appointed as Special Master to hear applications for allowance of compensation and reimbursement of expenses to various persons, firms and corporations who were interested and who may have aided the reorganization of this debtor. The report was filed on the 8th day of June, 1948, and notice was sent to all parties concerned. The Rules of Civil Procedure, which are applicable to this proceeding, provide that exceptions to such a report must be filed within ten days after the party has been served with the report.[1] There were no exceptions filed, except one, which relates to the compensation of Harry Beckett, one of the attorneys for the prior preference stockholders committee. The time for filing exceptions and objections to the Master's report as to all others expired before the date set for the hearing. While it is true that the Court, if it be deemed necessary and of vital importance in the interest of substantial justice, could modify the Master's report in any particular in which such modification might be required without any exceptions having been filed thereto, however, a review of the report of the Special Master shows that an outstanding accomplishment has been made, a plan has been followed and the allowances have been coordinated after a meticulous and careful review of the evidence, the situation as a whole and the findings of the Securities and Exchange Commission. The balance attained in the result speaks of the judicial quality of the review. Likewise, the fact that all of the claimants have, without objection, submitted the report to the Court for confirmation without attack thereon, except in the one instance, indicates that, though many of them may have believed that their claims were entitled to more weight when they considered them individually, after they saw the result of the survey as a whole, they were satisfied with the principles announced and believed that these could not be overthrown. It is true that the three members of the bondholders committee, Thatcher C. Jones, Lloyd E. Dewey and Joshua Morris, sent a telegram to the hearing, requesting further allowance, and Mr. J. F. Ulrich, of the prior preference stockholders' committee, likewise protested to the Judge in chambers as to the allowance which was made to him by the Master just before the opening of the hearing. Furthermore, Morris C. Kessel, a bondholder and the manager of Research and Investment Department of Carreau & Company, 63 Wall Street, New York, requested an allowance for his services, which was refused by the Master. He did not file any objection or exception within the time allotted, but a few days before the hearing did file a document apparently in protest to the allocation of the credit for the suggestion as to a dividend policy and the payment of a dividend by Portland General Electric Company, depending upon issuance of the stock upon reorganization and certain collateral suggestions.

1. Fed.Rules Civ.Proc. rule 53(e) (2), 28 U.S.C.A.

920

■ The Court is of the opinion that, inasmuch as these objections and exceptions were not filed within the time allotted and under the circumstances of this case, the Court should not grant any further allowance to any person who has not filed within the time. Furthermore, as to members of bondholders and stockholders committees and to those who are recommending the purchase of securities by clients, it must be deemed that they act with self interest when they attempt to bring about a successful reorganization, and therefore generally should have nothing but nominal compensation, if any at all, unless there is some outstanding contribution to the scheme of reorganization.

As far as Morris C. Kessel is concerned, there is no doubt but what he was acting in his own interest and in the interest of clients who had bought these securities upon the recommendation of the firm with which he was connected. Mr. Delzell, in his testimony, gave full credit to the brilliancy of the suggestion which was made. He did not himself claim credit for this idea, but attributed it in his testimony to Mr. Tipton, who was an associate of Mr. Kessel. In a telegram, a copy of which Mr. Kessel has placed on file, Mr. Delzell has reiterated this position. The trustees and their attorney have indicated on many occasions that this was one of the vitally contributing factors to the final conclusion of the reorganization. While the Court did not disapprove the suggestion that Portland General Electric Company should offer to pay a dividend under such circumstances because it was believed to be in the interest of the community and of Portland General Electric Company itself that it be restored to the active business world as a dividend paying corporation, it must be remembered that not only Mr. Kessel himself, but all of the persons represented by his house profited largely by this immediate cash payment. While it did help to convince the bondholders represented by this house that they should vote for the plan, the Court is not of the opinion that anyone should be paid for making this suggestion which was so highly profitable to these clients.

■ As to Mr. Beckett, his objection was filed within proper time, and, while it is not detailed and specific, the Court has thoroughly considered the merits of the claim and taken into consideration all of the suggestions which were made at the hearing. The Court is of the opinion that the Master properly appraised in general the number of hours spent and value of the services of Mr. Beckett and Mr. Powell in connection therewith, and specifically approves this appraisal. The difficulty with the situation as regards Mr. Beckett was that the matters upon which the least time was spent according to the record are those which were probably the most valuable in the consummation of the reorganization. The attempt of Bonneville to acquire the properties of Portland General Electric Company at a junk or salvage value without the slightest regard for the continuation of the corporation as a community asset or for the interests of the thousands of local stockholders who had put their money in the securities of this utility was attacked by Mr. Beckett with ferocity. His services in bringing this, in connection with other matters, to the attention of the Securities and Exchange Commission and of the Court were commendable and should be compensated outside the simple allowance for hours spent. Likewise, his services in furthering the final consummation of the plan and in attempting to get a dividend declared by Portland General Electric Company in the final stages were of note and are also worthy of compensation above and beyond the amount of hours noted in the schedule. However, his greatest contribution was in bringing to the attention of the Court the defects in the prior reorganization of this corporation. While the Court never finally ruled that these matters could be considered, the course of the prior reorganization and the concealment of certain of the transactions therein from this Court, together with the transfer of the Portland General Electric Company stock out of the hands of the Portland Electric Power Company just prior to the reorganization proceeding were sufficient to permit the Court to order Portland General Electric Company into reorganization also.

In the event that the plan of reorganization had failed, this would have been the next move, since the Court had only held it in abeyance to take advantage of the services of the Guaranty Trust Company with its wealth of experience in guiding the course of financial institutions. Mr. Beckett's contribution in this matter was of importance.

All of these three factors had some tendency to assist the reorganization which has now been consummated. These factors, however, are all intangible, and it is difficult to weigh them with any accuracy. If the reorganization had not been presently consummated, then the third factor would have been of great importance, and the contribution to the success of the reorganization would have been outstanding.

As a result of these considerations, the Court determines that Mr. Beckett should be compensated further by an additional allowance of $4,500.

In all other respects, the report as filed is confirmed.