361 P.2d 328

Aubrey L. DUNN, Executor of the Last Will and Testament of A. L. Dunn, deceased, and Administrator of the partnership estate of A. L. Dunn and Herbert H. Callaway, d/b/a Dunn and Callaway, and Aubrey L. Dunn and Billy J. Dunn, heirs of A. L. Dunn, deceased, Appellants,

v.

Zoe LINDSEY, Appellee.

No. 6687.

Supreme Court of New Mexico.

April 18, 1961.

Shipley, Seller & Whorton, Alamogordo, for appellants.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellee.

CARMODY, Justice.

The district court of Otero County set aside and voided a decree of final settlement and distribution theretofore entered by the probate court of Otero County. The executor and the heirs appeal.

The decedent was killed in an automobile accident, and the appellee Lindsey was a passenger in the car at the time. The decedent's will was admitted to probate, and shortly after the expiration of six months, appellee Lindsey filed suit in the district court of Sierra County, seeking damages by reason of the accident. Service was had upon the appellant executor, and, through his attorneys, a stipulation was entered into relative to the taking of the appellee's deposition. Almost immediately thereafter, the executor filed his final account, without any mention of the pending tort action. Appellee filed objections to the final report of the executor, alleging the pending action in Sierra County and claiming thereby "a lien upon and a right, title and interest in and to the estate" in seeking to have the probate court reject the final account and report and hold the assets of the estate intact until the final determination of the tort action. Other than this objection to the final report, no claim had been submitted to the executor or to the probate court by appellee with respect to the matters alleged in her tort action.

The case came on for hearing before the probate court and the court overruled appellee's objections, approved the report, ordered distribution of the assets, and decreed a discharge of the executor and his bondsmen. Thereafter, in time, appellee appealed to the district court of Otero County, and after a hearing, the district court entered its decision and judgment voiding the probate court's order, directing that the case be reinstated on the docket, and that the executor and his bondsmen be reinstated.

Two principal questions are presented: (1) Whether a tort claimant is a creditor or party interested in an estate so as to be entitled to object to the final report and so as to have the right to appeal from the decision of the probate court; and (2) whether an executor is under a duty to expeditiously close the estate when all approved claims have been paid, even with knowledge of a pending action in tort for which no claim has been filed.

The statute (§ 31–12–11, N.M.S.A., 1953 Comp.) provides that "Any heir at law, devisee, legatee, *creditor* or *other person interested* in the estate may * * * file his objections * * *" to the final report. Thus, we must determine if appellee comes within either of the emphasized classifications.

■ Although authority can be found to the contrary, we feel that, considering our probate statutes and our decisions construing them, particularly Frei v. Brownlee, infra, appellee is a person interested in the estate. Certainly, it should be apparent that appellee, if her claim is meritorious, has a very definite interest in objecting to a complete distribution of all of the assets, without which any recovery by her would be wholly worthless. Compare, In re Erwin's Estate, 1949, 167 Kan. 316, 205 P.2d 925; and Cox v. Mackenzie, 1950, 70 Ariz. 308, 219 P.2d 1048. In addition, appellee is a creditor, inasmuch as a relationship of debtor and creditor arises in tort cases the moment the cause of action accrues. Hansen v. Cramer, 1952, 39 Cal.2d 321, 245 P.2d 1059, 30 A.L.R.2d 1204. See, also, Pierce v. Johnson, 1939, 136 Ohio St. 95, 23 N.E.2d 993, 125 A.L.R. 867.

It follows that appellee, having standing in the probate court to object to the final account, becomes a "person aggrieved by" the court's decision contrary to her contentions and, under the provisions of § 16-4-18, N.M.S.A., 1953 Comp., is entitled to the statutory right of appeal. See, In re Colton's Estate, 1912, 164 Cal. 1, 127 P. 643.

■ Proceeding to the second question, relating to the duty of the executor to expeditiously close the estate, it should be readily apparent that there is no question but that the executor is under a duty to complete the administration as soon as possible. However, the statute (§ 31-12-7, N.M.S.A., 1953 Comp.) provides that the final account and report shall be filed "when the estate is fully administered." For an executor to contend that an estate is fully administered when he has been served with summons in a case involving an alleged debt against the estate is, at the least, a distortion of the facts. To sustain such a theory would, for all practical purposes, emasculate the wrongful death act, for it is common knowledge that it is a rare case of this type that proceeds to final judgment in less than six months.

In addition, there can be little doubt but that the probate court has some discretion in allowing or disallowing the final account. Section 31-12-12, N.M.S.A., 1953 Comp., provides that the decree allowing or disallowing the final account, either in whole or in part, shall be granted "as may be just and right." When this language is considered in conjunction with the broad language of § 31-12-11, N.M.S.A., 1953 Comp., allowing the filing of objections to the final report by persons interested, it is apparent that the legislative intention was to grant to the probate court the discretionary power to do justice.

Appellant strongly relies on Frei v. Brownlee, 1952, 56 N.M. 677, 248 P.2d 671, and would have us construe that opinion so as to say there must be legislation if the closing of an estate is to be delayed pend-

ing the outcome of a tort action. Such an argument fails to distinguish between the question involved there and the one with which we are now faced. In the Frei case, we determined that, constitutionally, the probate court lacked the power to hear and determine tort claims, and that to hold otherwise would be conferring jurisdiction by judicial fiat. We also said that the question of uniformity of time for filing claims and suits for torts was for the legislature. The dissimilarity is obvious. Frei involved the actual jurisdiction of the probate court; the present case deals not with jurisdiction but with a determination of when the estate is fully administered. The probate court has no *jurisdiction* to entertain the claim, but at the least it has the *discretion* to take cognizance of pending litigation and to, in effect, stay its final decision for such reasonable time as may be necessary in order that the interest of an alleged creditor can be determined. See, Pankey v. Hot Springs Nat. Bank, 1938, 42 N.M. 674, 84 P.2d 649, for a definition of "judicial discretion."

Appellant makes much of the fact that if the appellee desired to preserve the assets of the estate until her claim was made certain, she had the right to apply to a court of equity, and upon the giving of the necessary bond, such court (the facts permitting) would have enjoined the distribution of the estate. This is the sort of argument that works two ways—it might also be said that should the executor and the heirs feel that their rights are not amply protected, that they, too, have access to the courts, if there is unwarranted delay on the part of the tort claimant.

The exact factual situation as occurred here has apparently not arisen in the reported cases called to our attention. However, compare, State ex rel. Murphy v. District Court, 1928, 38 Wyo. 382, 267 P. 424; and In re Kittson's Estate, 1891, 45 Minn. 197, 48 N.W. 419. See, also, Cox v. Mackenzie, supra, for a case relating to a claimant forfeiting his rights by failing to object to the settlement of the administrator's account. The cases cited by appellant are distinguishable by reason of their facts or the statutes involved, and in any event are not persuasive in view of our construction of our statutes.

It follows from what has been said that the executor's recognized duty to expeditiously close the estate must, in the instant case, temporarily yield to appellee's right to promptly pursue her remedy against the decedent's estate. The action by the probate court, in view of the statute and all of the circumstances, was premature. The judgment of the district court will be affirmed, and it is so ordered.

COMPTON, C. J., and CHAVEZ and MOISE, JJ., concur.

NOBLE, J., not participating.