431 P.2d 902

STATE of Arizona ex rel. the INDUSTRIAL COMMISSION of Arizona, Eva Ensign, Individually and as surviving spouse of Donald O. Ensign, Deceased, and as the parent-guardian of her several children, and Bettye Jane Johnston, Individually and as the surviving spouse of her Deceased husband and as the parent-guardian of her children, Appellants,

v.

Mabel A. SMITH, surviving widow of Clayton A. Smith, Deceased, and former administratrix of the Estate of Clayton A. Smith, Deceased, Appellee.

No. 2 CA–CIV 284.

Court of Appeals of Arizona.

Sept. 11, 1967.

Rehearing Denied Oct. 3, 1967.

Review Denied Nov. 9, 1967.

Rees, Estes & Browning, by William D. Browning, Tucson, for appellants.

Gentry, McNulty, Toci & Borowiec, by Philip E. Toci, Bisbee, for appellee.

JACK G. MARKS, Superior Court Judge.

This is an appeal from an order of the Superior Court of Cochise County entered on March 14, 1966, dismissing a petition filed on January 21, 1966, to reopen the estate of Clayton A. Smith, deceased, and to appoint an administrator *de bonis non* predicated upon tort claims against the estate which had not been filed with the decedent's surviving spouse, Mabel A. Smith, as administratrix, prior to the entry of a decree settling her final account and of final distribution (hereinafter for brevity sometimes called "the decree") on November 2, 1964. On March 16, 1964, letters of administration were granted to Mrs. Smith and on December 7, 1964, she was discharged as such administratrix.

The material facts as alleged in the appellants' petition are as follows: The appellants are the Industrial Commission of Arizona and the surviving spouses of Donald O. Ensign and Thaddeus C. Johnston and their respective children. On January 23, 1964, Clayton A. Smith, Donald O. Ensign and Thaddeus C. Johnston died as the result of the crash of an airplane piloted by Clayton A. Smith. The appellants alleged that the deaths of Ensign and Johnston were proximately caused by the negligent, reckless, wrongful and wanton conduct of Smith and that an action for damages in excess of $188,378.40 arising out of the deaths of Ensign and Johnston was being commenced against the estate of Clayton A. Smith, deceased, and the "recipients" of the estate.

Mabel A. Smith, as an individual and not as administratrix, was cited by the court to appear and show cause why the appellants' petition should not be granted, the estate reopened, " * * * an administrator or corporate fiduciary be designated to collect said estate and the residue thereof for the purpose of conserving the same for the satisfaction of the claims for wrongful death." Mrs. Smith on February 8, 1966, filed a motion to quash the petition which was

granted by the superior court sitting as a probate court.

Although the appellants urge many contentions in this court, as they did in the superior court, we have singled out but one of them as determinative of this appeal in view of the statement in their opening brief, which reads as follows:

"If the probate decree is a true judgment in rem then the entire world is bound by the result, because the rights of all the world would be adjudicated and (except in cases of extrinsic fraud) only by appeal of the decree could it be attacked—*and even the time allowed for appeal might expire within the period of tort action limitation!*" [1]

The appellants maintain that the decree is not a true judgment *in rem* and, on the other hand, it is, as to the appellants, a judgment *quasi in rem* and not binding upon them. We disagree with this contention and hold that the decree settling the final account of the administratrix and of final distribution is a judgment *in rem* which may not be vacated and set aside except for extrinsic fraud and that the order entered on March 14, 1966, dismissing the appellants' petition must be affirmed.

In 1951 the Arizona legislature declared that the administration of the estate of a decedent is one proceeding *in rem*. The statute, formerly § 38–103, A.C.A.1939, enacted by Laws of 1951, Ch. 101, Sec. 1, now (since 1956) A.R.S. § 14–302, reads as follows:

"§ 14–302. Administration and settlement as single proceeding in rem

"For the purpose of jurisdiction, the administration of the estate of a decedent from filing the petition for letters testamentary or of administration to the decree of final distribution and discharge of the last personal representative, shall be deemed one proceeding in rem, and notice other than that required for hearing on a

---

1. Appellants' opening brief, page 12.

petition for letters testamentary or of administration shall not be jurisdictional." A proceeding *in rem* has been defined as follows:

> "*Proceedings in rem and quasi in rem.* Where a thing is subject to the power of a State, a proceeding may be brought to affect the interests in the thing not merely of particular persons but of all persons in the world. Such a proceeding is called a proceeding in rem, as distinguished from a proceeding brought to affect the interests in the thing of particular persons only, which is called a proceeding quasi in rem

> "A proceeding in a court with admiralty jurisdiction to enforce a maritime lien upon a vessel is a proceeding in rem, and a valid judgment directing the sale and the sale in pursuance of the judgment are binding on all the world. * * * *So also, probate courts, acting within their jurisdiction, can give judgments in rem, binding on all the world. * * *"* (Emphasis supplied) Restatement, Judgments § 32, Comment a.

■ In the absence of prior decisions or statutes to the contrary the courts of Arizona will follow the Restatement of the Law whenever applicable. MacNeil v. Perkins, 84 Ariz. 74, 324 P.2d 211 (1958); Bristor v. Cheatham, 75 Ariz. 227, 255 P.2d 173 (1953); Ingalls v. Neidlinger, 70 Ariz. 40, 216 P.2d 387 (1950). This rule has been applied in an action relating to the probate of a decedent's estate. Smith v. Normart, 51 Ariz. 134, 75 P.2d 38, 114 A.L.R. 1456 (1938). Furthermore, our Supreme Court has held that all probate proceedings and judgments rendered therein are "in the nature of proceedings *in rem*" and that a final decree of distribution has the force and effect of a judgment *in rem*. In re Cassidy's Estate, 77 Ariz. 288, 270 P.2d 1079 (1954); Shattuck v. Shattuck, 67 Ariz. 122, 192 P.2d 229 (1948).

As in the instant petition, in *Shattuck,* supra:

> "* * * *. no word of fraud or irregularity in the probate proceedings is mentioned in the complaint [for declaratory judgment] and it may be assumed that all of those proceedings were fair and regular and in due observance of every applicable provision of the probate code." 67 Ariz. at 125, 192 P.2d at 231.

Under such circumstances the Supreme Court affirmed the order dismissing the complaint predicated upon the doctrine of *res judicata.*

The appellants urge that A.R.S. § 14–704 provides that the decree is only conclusive of the rights of heirs, legatees or devisees, subject only to appeal, and, being tort claimants, they are not bound by the decree even if it be a judgment *in rem.* A.R.S. § 14–704 reads as follows:

> "§ 14–704. Decree of distribution; effect; limitation on entry

> "A. In the decree of distribution the court shall name the persons and the share to which each is entitled, and such person may demand, sue for and recover his share from the executor or administrator, or any person having the share in possession. *The decree is conclusive of the rights of heirs, legatees or devisees, subject only to appeal.* (Emphasis supplied)

> "B. A decree of distribution shall not be entered until after expiration of the time for contest after probate as provided in § 14–371, and until the estate, county and municipal taxes on the estate have been fully paid."

■ The matters relating to the settlement of the final accounting of the administratrix and her petition for distribution were included in the decree although they are separate and distinct matters and are treated as such in law. In re Balke's Estate, 68 Ariz. 373, 206 P.2d 732 (1949). Although A.R.S. § 14–704 does not apply to

the appellants, A.R.S. § 14–667 does have pertinency. It reads:

"§ 14–667. Allowance of account conclusive; exception; evidentiary effect of allowance

"*The settlement of the account and allowance thereof by the court is conclusive against all persons interested in the estate* except that persons under legal disability may move for cause to reopen and examine the account, or may proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution. In an action brought by such person, the allowance and settlement of the account is prima facie evidence of its correctness." (Emphasis supplied)

■ The rule governing the conclusiveness of a decree of distribution set forth in A.R.S. § 14–704 is likewise the rule governing the conclusiveness of that portion of the decree settling the account of the administratrix in accordance with the provisions of A.R.S. § 14–667. In re Warren's Estate, 74 Ariz. 385, 249 P.2d 948 (1952); In re Balke's Estate, supra; Estate of Pedelty, 61 Ariz. 425, 150 P.2d 362 (1944); Estate of Sullivan, 51 Ariz. 483, 78 P.2d 132 (1938); Gibson v. Gordon, 30 Ariz. 310, 246 P. 1036 (1926). In *Sullivan* the Supreme Court held the language of § 4064, R.C., 1928, the predecessor of A.R.S. § 14–667, which has substantially identical language, to be " * * * explicit. An order settling an account of an executor or administrator has the same force and effect as a judgment and is subject to attack only in the same manner. * * *" 51 Ariz. at 490, 78 P.2d at 135.

■ The appellants are persons interested in the estate of Clayton A. Smith, deceased. Dunn v. Lindsey, 68 N.M. 288, 361 P.2d 328, 87 A.L.R.2d 1227 (1961). In *Sullivan* the court noted that any person interested in the estate could have appeared and objected to the account of the executors[2] and the failure to do so precludes a later consideration of the account which had been judicially settled unless there is a showing that the probate court was without jurisdiction to approve any of the specific items of the account or if the executors are shown to be guilty of extrinsic fraud as to creditors or distributees. As there are no allegations in the appellants' petition suggesting lack of jurisdiction or extrinsic fraud we hold that the portion of the decree settling the account of the administratrix entered on November 2, 1964, is conclusive upon the appellants.

■ The appellants were not without remedy during the administration of the estate of Clayton A. Smith, deceased, as they were creditors of the estate although before this court they deny that they had the status of creditors. They contend that " * * * a tort claimant is not in the same position as a creditor, is not a necessary party to probate, and hence is not necessarily foreclosed by the probate decree."[3] This argument is without merit as a claimant who grounds his claim upon the *ex delicto* actions of another becomes a creditor when the cause of action accrues. Dunn v. Lindsey, supra; Hansen v. Cramer, 39 Cal.2d 321, 245 P.2d 1059, 30 A.L.R.2d 1204 (1952); Malaquias v. Novo, 59 Cal.App.2d 225, 138 P.2d 729 (1943); Chalmers v. Sheehy, 132 Cal. 459, 64 P. 709, 84 Am.St. Rep. 62 (1901). We hold that the appellants since January 23, 1964, have been, either directly or subsequently by way of subrogation, creditors of the estate of Clayton A. Smith, deceased, although they were not required by the provisions of A.R.S. §§ 14–561 and 14–570 to file their claims with the administratrix within four months from the date of the first publication of notice to creditors because their claims did not arise upon contract. Brainard v. Walters, 85 Ariz. 60, 331 P.2d 595 (1958); and see 1 Ariz.L.Rev. 319 (1959).

The appellee has cited Cox v. Mackenzie, 70 Ariz. 308, 219 P.2d 1048 (1950), in sup-

---

2. Sec. 4054, R.C., 1928, now A.R.S. § 14–627.

3. Appellants' opening brief, page 13.

port of the order of the superior court. On the other hand the appellants argue that *Cox* is valueless as to the issue before this court. We think *Cox* is in point because it concerns a creditor's claim and the settlement of an administrator's account. The creditor in *Cox* sought to have the decrees of settlement of account and of discharge set aside although, as in the instant proceeding, there were no allegations of fraud. The Supreme Court, reversing the superior court which had granted judgment for the plaintiff, directed that the complaint be dismissed and admonished creditors as follows:

"It being a time honored maxim that the law rewards the diligent but not the slothful, a conclusion that the creditor should move to guard his rights is more logical than one that he should wait for his adversary to do it for him." 70 Ariz. at 312, 219 P.2d at 1051.

■ In *Cox* the creditor's claim upon contract had been rejected by the administrator and an ancillary civil action to establish the claim, as required by A.R.S. § 14–579, was pending at the time the court entered decrees settling the administrator's account and of distribution. Thus the plaintiff in that case was comparable to the petitioners herein who could have commenced a *tort action against the administratrix*, who could have requested a copy of each notice in the proceeding required by law to be posted or published to be mailed to them or their attorneys not less than ten days prior to the hearing of which the notice is given,[4] and who could have objected to settlement of the account of the administratrix[5] and requested sequestration of the distributable assets of the estate of Clayton A. Smith, deceased, until their claims were established.[6]

We hold that the probate proceeding in the Superior Court of Cochise County, and, in particular, the portions relating to the settlement of the account of the administratrix and her petition for distribution, were *in rem* and that the adjudications settling the final account of the administratrix and of distribution are *res judicata* insofar as the attack made herein by the appellants is concerned.

The order of the superior court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge JACK G. MARKS was called to sit in his stead and participate in the determination of this decision.

---

4. A.R.S. § 14–479.

5. A.R.S. § 14–627. Citing *Cox* as authority, the Supreme Court of New Mexico in Dunn v. Lindsey, 68 N.M. 288, 361 P.2d 328, 87 A.L.R.2d 1227 (1961), sustained a tort claimant's objection to the final report of an executrix because of a

pending tort action against the estate although no claim had been filed with the executrix or the probate court with respect to the matters alleged in the tort action.

6. A.R.S. § 14–690.