565 P.2d 1324

David E. MINER, Sr., and Freida M. Miner, husband and wife, Appellants,

v.

Wallace ROGERS and Delores Rogers, husband and wife, Appellees.

No. 2 CA–CIV 2253.

Court of Appeals of Arizona, Division 2.

June 10, 1977.

William L. Tifft, Globe, for appellants.

Richardson & Mortensen by Wilford R. Richardson, Safford, for appellees.

## OPINION

HOWARD, Chief Judge.

Plaintiffs/appellees and defendants/appellants were partners in the purchase and operation of a motel. In November of 1973 the partnership was dissolved and the parties signed a dissolution agreement. The agreement gave Miner the option to either buy or sell his interest in the partnership and if he elected to buy, he had until January 1, 1974 to get a written commitment of financing. In the event that he could not do so, then either Rogers or Miner had the privilege of buying by being the first to obtain financing and releasing the other party.

In the interim period, Mr. Miner was given complete management responsibility for the business and as compensation for his management, was to receive one-third of the profits. The agreement gave him a further option of re-investing remaining profits back into the motel and if he purchased, Mr. Rogers would receive nothing except a release from the motel obligations.

Mr. Miner was unable to get a written commitment of financing and on January 11, 1974, the parties entered into an agreement of sale by which Mr. Rogers "assumed all the obligations of both Miner and Rogers involved in the purchase of the Country Manor Motel." Shortly after Rogers took possession, he found evidence of shortages in the rental and telephone income, and no record of income from candy and soda pop. He further found that Miner had used the motel fund for his personal income taxes, personal expenses and paid motel management salaries in violation of the agreement of 1973. Rogers employed Mr. Duane Spalsbury, a CPA, to assist in determining the exact amount of funds which Miner had personally used or been personally responsible for which were not included in the motel assets in breach of the agreement of November, 1973. The sum arrived at was $9,125.61.

Rogers filed a complaint for breach of the dissolution contract and the contract of sale. By stipulation the court appointed an accountant as master. Prior to the commencement of trial appellants moved to dismiss the complaint on the grounds that no action would lie between partners except an action for accounting. This motion to dismiss was denied when appellees agreed to waive any damages which occurred prior to dissolution of the partnership. Appellants now claim that the trial court erred in failing to dismiss appellees' complaint and in failing to follow the master's report and that appellees failed to carry their burden of proof as to damages.

In Arizona, generally, the only action which will lie between co-partners in regard to partnership business is an action for accounting. *Catron v. Watson*, 12 Ariz. App. 132, 468 P.2d 399 (1970). However, a former partner may sue another for any breach of the partnership settlement agreement. *Wright v. Lake*, 178 Ark. 1184, 13 S.W.2d 826 (1929); 68 C.J.S. Partnership § 374, p. 883. An accounting was therefore not a prerequisite to this suit.

Rule 53(h), Rules of Civil Procedure, provides, inter alia, that within ten days after being served with notice of a filing of the master's report any party may serve written objections thereto upon the other parties. The federal courts interpreting a similar federal rule have held that objections are not required. *Henry Hanger & Display Fixture Corporation of America v. Sel-O-Rak Corporation*, 270 F.2d 635 (5th Cir. 1959); Wright & Miller Federal Practice and Procedure, Vol. 9 § 2612, p. 806. However, it has been noted that objections continue to be important since if no specific objections are made, the court is more likely to adopt the findings of the master. *In re Portland Electric Power Co.*, 97 F.Supp. 918 (D.C.Or.1948); *Petition of Statter*, 108 R.I. 326, 275 A.2d 272 (1971). And see, *Hewins v. Weiler*, 44 Ariz. 309, 36 P.2d 799 (1934). The trial court did not err by failing to approve the master's report despite the failure of appellees to comply with Rule 53(h), Rules of Civil Procedure.

Lastly, appellants contend that appellees did not carry their burden of proving damages. The court awarded damages in the sum of $2,500. The master's report showed that there were damages at least in the sum of $1,873.27. Additional testimony was taken from which the trial court could have concluded that the total amount of damages was in the sum of $2,500.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.