[Civil No. 3969. Filed May 2, 1938.]

[78 Pac. (2d) 995.]

JACOB BARTH, Administrator of the Estate of C. F. MONTROSS, Deceased, Appellant, v. EARL PLATT, Appellee.

Mr. Maurice Barth, for Appellant.

Mr. Earl Platt, *in pro. per.*

LOCKWOOD, J.—C. F. Montross died intestate in the county of Apache some time before the 29th day of March, 1937. Letters of administration were duly issued on the date above mentioned to Jacob Barth, hereinafter called respondent, and he qualified and entered upon the duties of his office as such administrator. Thereafter, and on the 10th day of June, 1937, Earl Platt, hereinafter called petitioner, filed in the superior court of Apache county a petition setting up that the administrator had wasted, and

was wasting, the assets of the estate, specifying many grounds to support his general allegations, and requesting that the letters of administration of respondent be revoked, and letters be issued to the petitioner. A citation was duly served upon respondent, and notice of the application for new letters posted as required by sections 3927 and 3957, Revised Code of 1928. He filed a demurrer to the petition on the ground that it did not state facts sufficient to warrant the revocation of his letters of administration, specifying some sixteen grounds in support of his demurrer, and also moved to strike the petition on the ground that it was scandalous, redundant, sham, irrelevant, and frivolous. He then answered, justifying his actions in the management of the estate. The demurrer and motion to strike were overruled, and the case came on for hearing before the court which rendered its judgment, finding that the administrator, by reason of an interest adverse to that of the estate, could not fairly represent the latter; that he had been conducting the newspaper business owned by deceased without any authority from the court, and had failed to file an inventory and appraisement within the time required by law, and revoked the letters of administration previously issued to respondent, and granted them to the petitioner. An appeal was then taken to this court.

There are three assignments of error which, in substance, raise the following questions: (a) Did the petition state facts sufficient to authorize the court to revoke the respondent's letters of administration? (b) Did the court have jurisdiction to revoke the letters of administration under the circumstances? and (c) Did it have jurisdiction to appoint the petitioner as administrator in place of the respondent.

Probate proceedings are almost entirely creatures of the statute, and matters of this nature are governed

by sections 3956, 3957, Revised Code of 1928, which read as follows:

"§ 3956. *Ground for investigation; suspension.* Whenever the court has reason to believe, from its own knowledge or from credible information, that an executor or administrator has wasted, embezzled or mismanaged, or is about to waste or embezzle the property of the estate committed to his charge, or has committed or is about to commit a fraud upon the estate, or is incompetent to act, or has permanently removed from the state, or has wrongfully neglected the estate, or has long neglected to act as such executor or administrator it shall suspend the powers of such executor or administrator, until the matter is investigated."

"§ 3957. *Notice, hearing and revocation.* When such suspension is made, notice thereof shall be given to the executor or administrator, and he shall be cited to appear and show cause why his letters should not be revoked; if he cannot be found notice may be given by publication as the court may direct. If he fail to appear in obedience to the citation, or if appearing, the court finds that there exists cause for his removal, his letters shall be revoked, and letters of administration granted, as the case may require. At the hearing any person interested in the estate may appear and file his allegations that the executor or administrator should be removed, which the executor or administrator may answer. The issues raised shall be heard and determined by the court."

 It appears, therefore, that whenever a court has reason to believe, either from its own knowledge or otherwise, that the executor or administrator has wasted, embezzled, or mismanaged an estate, or is incompetent to act, it shall suspend the powers of the administrator, investigate the matter, and, "if . . . the court finds. that there exists cause for his removal, his letters shall be revoked." Proceedings under these sections are quite informal in their nature, for the court may act either upon its own knowledge, or

upon any credible information. There is no requirement that any formal petition for the removal be filed. We think the proceeding very analogous to those which existed in disbarment proceedings before the adoption of the statute incorporating the State Bar (Laws 1933, chap. 66.) The courts have held practically universally that attorneys are officers of the court, subject to discipline by the court, and that no particular form of proceeding is required, the only jurisdictional requisites being that the attorney be notified and given a chance to answer any charge of misconduct before the court. While it is probably good practice that the particular charges of misconduct which are being investigated by the court should be reduced to writing, there is not even a statutory requirement that this be done. The only question is whether or not the administrator has been guilty of acts which constitute waste, embezzlement, or mismanagement of the estate, or that he is incompetent to act.

▮▮▮▮ Do the findings of the trial court show that the respondent was guilty of acts which constitute any of these grounds for removal? The trial court found, and we must assume these findings were based on sufficient evidence since the assignments of error did not question them on that ground, that the private interests of the administrator were in conflict with his official duty; that he had been conducting the business which was the only asset of the estate without any authority of law, and in so doing had exposed the estate to a suit for libel, and that he had failed to file an inventory and appraisement of the estate within the time required by law. We think this justifies the charge that he had mismanaged the estate. The statute expressly says that, if the court finds such to be the case, the letters theretofore issued shall be revoked. The application for new letters was in proper

form and notice thereof was given as required by the statute.

We think the court had jurisdiction to act as it did, and that the grounds upon which it removed respondent were legally sufficient to sustain its action. After such removal, it was necessary that a new administrator be appointed. Since due notice of this application was given, it was unnecessary to appoint first a special and then a general administrator.

The order of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.