[Civil No. 4595.   Filed July 7, 1944.]

[150 Pac. (2d) 362.]

In the Matter of the Estate of EVA PEDELTY, Deceased; ALVA PEDELTY, Guardian of Mary Pedelty, Appellant, v. A. H. McLELLAN, Administrator of the Estate of Eva Pedelty, Deceased, Appellee.

Mr. Jacob Morgan, for Appellant.

Mr. John M. Boyle, and Mr. Mark Wilmer, for Appellee.

STANFORD, J.—The question involved in this appeal is the liability of the administrator for failing to sell in due time stocks and bonds of the estate under his control. The stocks were listed New York Exchange and New York Curb.

Eva Pedelty died in Maricopa County, Arizona, February 18, 1940. Petition for letters of administration was filed in the Superior Court of that county by her brother, Alva Pedelty, who asked for the appointment of A. H. McLellan as administrator of the estate on account of the petitioner being a non-resident of the state and therefore not qualified to serve. The petition, as filed, alleged there to be only three persons as the next in kin and heirs at law of deceased. Appellee was appointed administrator March 5, 1940, promptly thereafter gave his bond and on the 7th day of March, 1940, filed the inventory and appraisement of the estate, and on the 8th day of March gave notice to creditors, the notice to creditors being what is called in law practice as notice of a "ten months estate" because the estate exceeded the sum of $5,000 in value. On the 3rd day of November, 1941, Alva Pedelty, as an interested party in the estate, filed in court a petition for revocation of letters of administration of the appellee, alleging that the administrator had wholly failed to make and file with the court a verified account of all his acts in said estate since his appointment, or at all, and that the

administrator refused to furnish him with information with respect to the estate and that the administrator was incompetent for the reason that he told the petitioner for letters of revocation "that there is nothing further to do in the estate that it is left entirely up to the attorney in the matter," and the trial court thereupon issued a notice to show cause why the letters of administration should not be revoked. The time for hearing the said matter was set for the 12th day of November, 1941. On the 4th day of November, 1941, the trial judge signed a decree establishing notice to creditors. On November 6, 1941, the administrator, the appellee herein, filed his final account and report of the affairs of the estate and in said report stated that he was not entirely certain who were the heirs of deceased, and when that was determined he would file his petition for distribution of the property and money of said estate. In his report the appellee mentioned the value of the estate to be $10,757.40; that he, as such administrator, was entitled to a fee of $550.29, and a like sum for attorney's fees and entitled to a fee for special services rendered in and about the collection of dividends on stocks and bonds and the care of them in the sum of $50 and his attorney was entitled to a special fee in a like sum; that on the 17th day of November, 1941, Alva Pedelty, as a legatee and heir of the estate of Eva Pedelty, filed his objection to the said final account and report of the administrator. On the 24th day of November, 1941, the trial judge again appointed appraisers including two theretofore appointed, and they re-appraised all of the property, except money in the estate, at $7,529.78, and on December 16, 1941, the administrator, the appellee herein, filed his supplemental final account and report and petition for distribution setting forth that the value of the estate including money on hand was

$9,423.92 and naming nine heirs at law of the estate entitled to the distribution of same. On December 30, 1941, the probate court entered an order approving the final account and an order approving the supplement to the final account. On January 23, 1942, appellee filed his petition for order authorizing sale of all assets of the estate excepting cash. The trial court in making the order of sale, among other things, stated:

"It Is Ordered that said sale shall be made by said administrator at private sale; that the stocks and bonds belonging to said estate shall be sold by said administrator in the customary manner of selling stocks and bonds, and that said administrator is authorized to sell the same through Refnes, Ely, Beck & Co., paying the usual commissions for effecting such sales. . . . "

On the 25th day of September, 1942, Alva Pedelty, in this instance as guardian of Mary Pedelty, petitioned the court for the removal of the administrator for reasons among other things that the administrator had neglected to take steps looking toward the speedy and prompt settlement of the estate and had permitted the estate to continue for more than two and one-half years without distribution to the heirs, and following the citation and order to show cause on petition for removal, the appellee, as administrator, made a motion to quash and motion to strike, the motion to quash being based on the provisions and requirements of Sec. 38–2005, Arizona Code Annotated 1939, and on October 14, 1942, the trial court granted the said motion to quash on the ground that the process did not conform with the provisions and requirements of said section.

On October 9, 1942, the appellee herein, as administrator, filed an account and report of sale in which petition he asked that his acts in such sale be ratified

and distribution be ordered of the monies on hand in accordance with the decree of distribution theretofore entered. On the 15th day of October, 1942, the appellant herein, as guardian, filed exceptions to the account and report of sale which was filed October 9, 1942, and the appellant in said exceptions stated, "which said account and report was filed after he filed his petition for removal of such administrator, and for an immediate distribution herein," and further alleged:

"That said Guardian further excepts and objects to the said account and report on the ground that said administrator has failed and neglected to charge himself, or account, for interest upon the funds in his hands as administrator although he has had large sums of money in his hands as such administrator for more than two and one-half years.

"The said Guardian further excepts and objects to the said account and report on the ground that said administrator is claiming compensation for special services, whereas such services were neither special nor beneficial to the estate of said decedent or the heirs thereof, and further, because the services of said administrator were detrimental and injurious to said estate and the heirs thereof because of the neglect, inattention to business, procrastination, delay and waste of the assets of said estate on the part of said administrator, resulting in the loss to said estate . . . .

"That by reason of said premises, said administrator is indebted to said estate in the sum of $3,000.00, which is chargeable to said administrator, and same should be charged against him personally and his sureties.

.     .     .     .     .     .     .     .     .     .

"The said Guardian further excepts and objects to the said account and report on the ground that the administrator at the time he was appointed and qualified herein (more than two and one-half years ago) knew that the principal assets of said estate con-

sisted of stocks and bonds, that same were of a highly perishable nature and would fluctuate and depreciate in value if held and that the interests of said estate required an early sale and distribution of such stocks and bonds to void loss, . . . "

On the 28th day of October, 1942, the record of the trial court shows an order confirming the sale of the property hereinbefore referred to; denying and overruling the exceptions and objections to the account and report of October 9, 1942; and settling and approving said account; directing the distributions of funds in the hands of the administrator and the discharging of the administrator upon filing of vouchers of distribution.

On November 7, 1942, the appellant herein gave notice of appeal, reading, in main, as follows:

" . . . from that certain judgment and order made and entered herein on the 28th day of October, 1942, by the said Superior Court in and for the County of Maricopa, State of Arizona, and rendered by the Judge and Court therein denying and overruling the objections and exceptions of this Guardian to the October 9th 1942 report and account of said Administrator herein, dissallowing counsel fees and expenses to this Guardian, granting $50.00 additional compensation to said Administrator and granting $100.00 additional compensation to the attorney for said Administrator, approving said October 9th, 1942 report of said administrator, and discharging said Administrator upon distributing the balance of funds in his hands, . . . "

The appellant submits ten assignments of error, but we believe we can determine this case *in toto* when we determine whether or not there is liability on the part of the administrator in the failure to sell in due time the assets of the estate which consisted of stocks and bonds, except cash.

Pertaining to the sale of the class of property involved in this case, being stocks and bonds, we quote the following two sections of Arizona Code Annotated 1939:

"38-1204. *Sale of perishable and personal property—Petition and order.*—At any time after receiving letters, the executor, administrator, or special administrator may apply to the court and obtain an order to sell perishable and all other personal property likely to depreciate in value, or which will incur loss or expense by being kept, and so much other personal property as may be necessary to pay the allowance made to the family of the decedent. The order for the sale may be made without notice; but the executor, administrator or special administrator is responsible for the property unless the court shall approve the sale."

"38-1401. *Chargeable with estate coming into his possession—Uncollected accounts—Profits.*—An executor or administrator is chargeable in his account with the whole of the estate of the decedent which may come into his possession at the value of the appraisement contained in the inventory, except as otherwise provided, and with all the interest, profit and income of the estate. He is not accountable for debts due the decedent, if it appear that they remain uncollected without his fault. He shall not make profit by the increase, nor suffer loss by the decrease or destruction without his fault, of any part of the estate. He shall account for the excess when he sells any part of the estate for more than the appraisement, if sold for less than the appraisement, he is not responsible for the loss if the sale has been justly made."

It must be remembered that the appeal herein is from the judgment and order of the trial court entered on the 28th day of October, 1942, denying and overruling the objection and exceptions of the appellant to the report and account of the administrator dated October 9, 1942.

Appellant cites the case of *Barth* v. *Platt,* 52 Ariz. 33, 78 Pac. (2d) 995, 996, which was an action for revocation of letters of administration and removal of the administrator for failure to do certain things and because of the mismanagement of the estate. As stated by the Court,

" . . . The only question is whether or not the administrator has been guilty of acts which constitute waste, embezzlement, or mismanagement of the estate, or that he is incompetent to act.

"Do the findings of the trial court show that the respondent was guilty of acts which constitute any of these grounds for removal? . . . "

So it can be seen that definitely this is an action for the removal of the administrator, but we are confined to the matter on appeal, the exceptions to the account and report of sale.

An important contention of appellant is expressed in the following two paragraphs taken from his brief:

"Appellant-Guardian herein duly received his distributive share of the balance in the hands of appellee-administrator, subject, however, to his objections and exceptions to the October 9, 1942 final account and report.

"Finally, this appeal involves whether the appellee should pay into the estate of the decedent (Eva Pedelty), the loss of $2022.84, being a loss of about 25% of the listed New York stocks and bonds; together with $170.00 for two years' bond premiums, and $9.00 re-appraisal fees; and whether the appellee-administrator should account for interest on funds in his hands or on deposit in his name as administrator *Not Accounted In Any Of His Reports Herein;* and whether he was entitled to additional or special compensation together with his new counsel after having been amply and well paid in this estate."

The record shows, as we have found it, that the first time the appellant in his capacity as guardian appeared on the scene was September 25, 1942. Prior

to that time Alva Pedelty appeared in his own behalf, but not as guardian, and took exceptions to various things as the foregoing record will show. For example, on November 6, 1941, the administrator filed his final account and report, but also stated that he was not entirely certain as to who were the heirs of the deceased and that when that was determined he would file his petition for distribution, and to that account Alva Pedelty, as a legatee and heir, filed his objections. The trial court approved the account and still further the supplemental account of the administrator, and from the court's action in respect to those accounts, no appeal was taken.

On November 17, 1941, by the following language the court approved the administrator's account of November 6, 1941, to which exceptions were taken by Alva Pedelty, not in his capacity as guardian, but as an heir of the estate:

"Hearing is now had on Final Account. The following evidence is introduced: A. H. McLellan and Alva Pedelty are sworn and testify, at the conclusion of which testimony, the Court, being fully advised in the premises.

"It is ordered approving the account except as to items of special fees for the administrator and attorney, directing and requiring filing of a new inventory and appraisement for the purpose of fixing the administrator's statutory fees, and attorney fees; in all other respects the account is approved.

"It is ordered that the Motion to Revoke the Letters of Administration is denied."

From this order no appeal was taken.

We quote the following from 21 Am. Jur. Sec. 488:

"*Effect as Res Judicata.*—If made in conformity with law, a final decree as to the distribution in an estate is conclusive as to every matter involved and constitutes a bar to further proceedings concerning

the same matter, not only in courts of probate jurisdiction, but in all other courts. . . . . Thus, a decree of the proper court settling an estate and adjudging to the distributees their respective shares is as conclusive as a decree in chancery or the judgment of a court of law. . . . "

Section 38-1505, Arizona Code Annotated 1939, is as follows:

"*Decree of distribution—Payment of taxes.*—In the decree the court shall name the persons and the proportions or parts to which each shall be entitled, and such person may demand, sue for, and recover his share from the executor or the administrator, or any person having the same in possession. Such decree is conclusive of the rights of heirs, legatees or devisees, subject only to appeal. . . . "

The court has time and again upheld the administrator in his acts, and at no time was the administrator charged with any fraud.

■ We do not intend to uphold an executor or administrator in allowing waste in an estate, nor loss caused by his negligence, and reiterate that he must handle the matter of an estate as it should be handled by a prudent man, or that he should handle it with the same business acumen that he would handle a similar business matter of his own. In this case, however, we face the stamp of approval of the judge of the probate court, the late J. C. Niles, of the accounts that were submitted, and in respect to the objections taken to the approval of the account of October 28, 1942, but no appeal was taken from the final account of November 6, 1941 and the supplemental account of December 16, 1941, and we now come to a time where the appellant herein, representing Mary Pedelty as a ward, has accepted payment under the decree of distribution as made by the administrator and approved by the trial judge. It occurs to us that

the appellant is definitely precluded in his attempt to make this appeal for and on behalf of his ward.

From Section 38–1313, Arizona Code Annotated 1939, the notes of which section cite the opinion of *In re Sullivan's Estate,* 51 Ariz. 483, 78 Pac. (2d) 132, we quote as follows:

"*Settlement conclusive — Exception.*—The settlement of the account and the allowance thereof by the court is conclusive against all persons interested in the estate except persons under any legal disability may move, for cause, to reopen and examine the account, or may proceed by action against the executor or administrator, either individually or upon his bond, at any time before final distribution. In any action brought by any such person, the allowance and settlement of the account is *prima facie* evidence of its correctness."

And we face again, after reading that section, the question of whether the person appealing, as in this case, may, after all accounts have been approved, accept settlement through the decree of distribution and appeal on the objections to the account and report of sale.

We hold that the appellant, as guardian, cannot after acknowledging the decree of distribution, and receiving payment under it for his ward, appeal from the trial court's approval of the account and report and report of sale.

The judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.