2 Ariz. App. 326 (1965)
408 P.2d 846
In the Matter of the ESTATE of Ernest A. SULLENGER, deceased.
Charles Frederick SULLENGER, Marie Beach, Doris Boldman, Edward Sullenger, Gilbert Sullenger, Frances A. Welker and Charlotte Jones, Heirs of the deceased, Appellants,
v.
The VALLEY NATIONAL BANK OF ARIZONA, Executor, Appellee.
No. 2 CA-CIV. 99.
Court of Appeals of Arizona.
December 17, 1965.
Rehearing Denied January 12, 1966.
Review Denied February 1, 1966.
*327 Riddel & Riddel, by Marilyn A. Riddel, Phoenix, for appellants.
Boyle, Bilby, Thompson & Shoenhair, by W.E. Dolph, Jr., Tucson, for appellee.
MOLLOY, Judge.
This is an appeal from the trial court's failure to find the appellee-bank, while acting as an executor, negligent in its administration of an estate, and from a failure to surcharge the executor's account. The appellants' petition was dismissed at the conclusion of the appellants' case in the lower court. There were no findings of fact and conclusions of law by the trial court, but this failure is not raised in any way on appeal. We view the evidence in the light most favorable to the appellants' position. Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254 (1960).
The testator, by his duly executed will and a codicil thereto, nominated the appellee-bank as executor with:
"* * * full power to sell and convey, mortgage, lease or otherwise dispose of or incumber so much or all of the property, both real and personal, of my estate as it, in its best judgment, shall determine advisable, at such prices and on such terms as it shall determine to be fair or reasonable, and shall have full power to invest and reinvest the proceeds therefrom in whatever manner to it seems advisable for the best interests of my estate." (Emphasis added)
The appellee-bank was duly granted letters, and submitted an inventory and appraisal of the decedent's estate, which included common stocks valued at $71,349.69.
The heirs were apprised at an early meeting with the executor that some assets would have to be sold to provide funds to cover the costs of administration. The heirs expressed a desire to retain the specific assets of the estate, especially the real property.
Subsequently, the executor petitioned the court for an order authorizing the sale without notice of all the common stocks included in the estate, alleging that such sale would be "* * * to the best interests of said estate * * * in order to provide funds for the payment of claims, administration expenses and taxes, and to permit the investment of the balance of said funds in securities other than common stocks * * *." The order was granted, and the common stocks were sold for a net figure of $67,214.50, or $4,135.19 less than the appraisal value. Two partial distributions of estate assets were later made, pursuant to court orders, to the heirs. Monies so distributed included a part of the proceeds *328 of the stock. Approximately 1 1/2 years after the heirs learned of the sale of the common stocks by the executor, and after the market value of the stocks appreciated $30,000.00, the heirs filed their petition to remove the executor and to surcharge his account.
The petitioners' proof established that it was not actually necessary to sell the stock in order to pay debts of the estate, but there was no showing that the executor knew or should have known that the stocks sold were likely to increase in value at the time they were sold.
If the heirs are entitled to relief because of the conduct of the executor, such relief must be predicated on the breach of some duty of the executor legally or equitably recognizable. Appellants contend that the appellee's conduct in selling the common stocks constituted a breach of duty in that appellee did not satisfy a higher standard of care required of professional fiduciaries in the administration of estates and in that the appellee did not follow the express wishes of the heirs in the sale of estate personalty. We are unable to concur in appellants' contentions.
The "prudent man" standard of care has been expressly applied to executors and administrators by the Arizona Supreme Court, United States Fidelity & Guaranty Co. v. Greer, 29 Ariz. 203, 240 P. 343 (1925), In re Pedelty's Estate, 61 Ariz. 425, 150 P.2d 362 (1944), and while we agree in principle with appellants that the public is rightfully entitled to expect something more from the professional fiduciary than from an inexperienced layman in the administration of an estate, we disagree that a separate and unique test is required.
We believe the following standard enunciated in the Restatement of the Law of Trusts to be sound:
"§ 174. Duty to Exercise Reasonable Care and Skill
"The trustee is under a duty to the beneficiary in administering the trust to exercise such care and skill as a man of ordinary prudence would exercise in dealing with his own property; and if the trustee has or procures his appointment as trustee by representing that he has greater skill than that of a man of ordinary prudence, he is under a duty to exercise such skill." Restatement (Second), Trusts § 174 (1959).
However, no lack of skill was shown here. Appellee-bank was authorized to sell the assets of the estate. The assets sold were common stocks available on the open market, the value of which was subject to continuous and perhaps disastrous value fluctuations. We find no fault with a good faith exercise of business judgment which resulted in the sale of these speculative assets of an estate, and accordingly hold that such conduct alone, and this is all that the record discloses, does not establish a breach of the standard of care to which the appellee-bank was committed. Hindsight notice of stock market quotations will not by itself substantiate a charge of neglect or mismanagement.
We are further convinced that the appellee did not breach an existent duty by failing to abdicate its own judgment in favor of the wishes of the heirs. By will the testator cloaked the executor with discretion in the disposition of estate assets, and although cooperation between executors and beneficiaries is sufficiently desirable that several courts have held that a representative has the right to follow the wishes of heirs, In re Pinney's Estate, 250 App.Div. 60, 294 N.Y.S. 29, aff'd 278 N.Y. 507, 15 N.E.2d 669, reargument denied 278 N.Y. 704, 16 N.E.2d 851 (1937), In re Stephen's Estate, 320 Pa. 97, 181 A. 559 (1935), or that it is a matter of prudence, common sense and fairness to consult with interested beneficiaries, In re Estate of Talbot, 141 Cal. App.2d 390, 296 P.2d 848, 58 A.L.R.2d 658 (1956), this court knows of no rule which imposes upon the representative a duty to acquiesce in such wishes.
*329 Appellants having failed to establish neglect or mismanagement, it is unnecessary to consider the appellee's contentions that the appellants are barred from relief by laches and/or estoppel.
Affirmed.
KRUCKER, C.J., and HATHAWAY, J., concur.