MRS. MINERVA NEILL et al. v. F. G. WILSON, admr. R. Q.
WILSON, deceased.

(Filed 4 December, 1907).

### 1. Vested Rights—Property—Cause of Action.

A vested right of action is property in the same sense tangible
things are property, and it is frequently so treated in constitu-
tions and statutes, where the words permit and the spirit and
intent of the law require it.

### 2. Same—Property—Revisal, sec. 59—Cause of Action, when Vested.

Revisal, sec. 59, providing that "Whenever a death of a person
is caused by the wrongful act * * * of another, * * *
such as would, if the injured party had lived, have entitled him to
an action for damages therefor, the person that would have been
so liable * * * shall be liable to an action for damages," etc.,
impresses upon the right of action the character of property as a
part of the intestate's estate; and, for the purpose of devolution
and transfer, the rights of the claimants are fixed and determined
as of the time the intestate died.

### 3. Revisal, sec. 59—Executors and Administrators—Guardian and Ward—Husband and Wife—Distribution.

When one entitled as a distributee of the amount recovered
under Revisal, sec. 59, is dead, and her husband has qualified as
her administrator, but removed on account of his since becoming
*non compos mentis*, the administrator of the wife, *de bonis non*,
and guardian of the husband, is entitled to her share of the fund,
to be held by him for the benefit of the husband.

### 4. Revisal, sec. 59—Recovery—Distribution—Creditors.

Revisal, sec. 59, providing that a recovery for damages there-
under by the administrator for the death of his intestate, caused
by the wrongful act, etc., of another, "is not liable to be applied
as assets in the payment of debts or legacies, but shall be dis-
posed of as provided in this chapter for the distribution of per-
sonal property in the case of intestacy," extends to the creditors
of the intestate, and not to the creditors of the distributees.

CONTROVERSY without action, regularly submitted and de-
termined, before *Ward, J.,* at May Term, 1907, of the Supe-
rior Court of GASTON County.

From the facts agreed upon, it appears that defendant's
intestate, Robert Q. Wilson, died on 10 September, 1904,

leaving surviving him, as next of kin and distributees under
the law, his mother and several brothers and sisters, among
the last Mrs. Elizabeth Quinn, wife of J. R. Quinn; that
defendant F. G. Wilson was qualified as administrator of
intestate on 15 September, 1904.    Mrs. Elizabeth Quinn died
on 30 September, 1904, and on 24 October, 1904, her sur-
viving husband, J. R. Quinn, was duly qualified as her ad-
ministrator, and said J. R. Quinn having become *non compos
mentis,* E. L. Wilson, one of the plaintiffs, became adminis-
trator *de bonis non* of Elizabeth Quinn, deceased, and also
guardian of J. R. Quinn; that defendant administrator has
on hand an amount of money arising from a recovery had by
said defendant by reason of negligence of a railroad com-
pany, causing the death of intestate; that action against the
company for such wrongful act was begun in November,
1904, judgment obtained in December, 1904, and the amount
was paid on 11 January, 1905.    And the question presented,
on these and other facts stated, is, whether E. L. Wilson, one
of the plaintiffs, administrator *de bonis non* of Elizabeth
Quinn and guardian of the husband of Elizabeth Quinn, who
had been her qualified administrator, is entitled to her pro-
portion of the fund as distributee.

The Judge below held and entered judgment as follows:
"This cause coming on to be heard upon the statement of the
facts in the case agreed, and after hearing argument and duly
considering the same, now, upon motion of O. F. Mason,
attorney for E. L. Wilson, administrator *de bonis non* of Mrs.
Elizabeth Quinn, it is adjudged by the court that the said
E. L. Wilson, administrator as aforesaid, is entitled to re-
cover, and that he do recover, of the defendant F. G. Wilson,
administrator of the estate of Robert Q. Wilson, the sum of
$628.34, the admitted balance in his hands, which sum, in
the opinion of the court, belongs to the estate of the said Eliza-
beth Quinn, under the facts agreed upon as aforesaid.    It is
further adjudged that Mrs. Minerva Neill, Mrs. Daisy

Hutchison, Willis Wilson, Connie Wilson, Charles Wilson, Rebecca Wilson and Shelton Wilson have received their full share of the estate of Robert Q. Wilson, as well as their share in the fund recovered from the Southern Railway Company by F. G. Wilson, administrator of Robert Q. Wilson, and the said parties are, therefore, excluded from participating in the funds in controversy. It is adjudged that the administrator, F. G. Wilson, pay the costs of this proceeding out of the said funds."

From the judgment the distributees, other than E. L. Wilson, administrator and guardian, appealed.

*A. G. Mangum* for plaintiffs.
*O. F. Mason* for defendant.

HOKE, J., after stating the case: Our statute addressed to this question (Revisal, sec. 59) enacts as follows: "Whenever the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, the person or corporation that would have been so liable, and his or their executors, administrators, collectors or successors, shall be liable to an action for damages, to be brought within one year after such death, by the executor, administrator or collector of the decedent; and this notwithstanding the death, and although the wrongful act, neglect or default causing the death amount in law to a felony. The amount recovered in such action is not liable to be applied as assets in the payment of debts or legacies, but shall be disposed of as provided in this chapter for the distribution of personal property in case of intestacy."

It is said in Cooley on Constitutional Limitations (7th Ed.), p. 577, that "a vested right of action is property in the same sense that tangible things are property," and, quoting this authority with approval in *Duckworth v. Mull,* 143 N. C.,

466, the Court said: "While in ordinary transactions the term 'property' is not supposed to include a right of action, yet in constitutions and public statutes, where the words permit and the spirit and intent of the law require, a vested right of action is frequently considered and treated as property." It is not required, however, to resort to this rule of construction, as on a statute of doubtful import, for we are of opinion that the statute quoted gives clear indication of the purpose of the Legislature to impress upon the right of action the character of property as a part of the intestate's estate, and that, for the purpose of devolution and transfer, the right of the claimants should be fixed and determined as of the time when the intestate died. Even if the statutes were less explicit, the inconvenience of adopting any other period for determining who should be the rightful claimants, and the uncertainty that would attend it, extending in many instances over a long period of time, would almost of necessity compel such a construction.

This position finds some support in the case of *Baker v. Railway,* 91 N. C., 308, where the Court sustained and made effective a release given by one of the beneficiaries prior to recovery. According to the interpretation we have given it, that the right of action conferred is property and to be treated for the purpose of distribution as a part of the intestate's estate, the recognized principle applies, referring to the time of the intestate's death as the period when the distributees, as the rightful claimants of vested interests, shall be fixed and determined. *Whit v. Ray,* 26 N. C., 14; *Rose v. Clark,* 8 Paige, 574; Cyc., Vol. XIV, pp. 107-109. It follows from this position that, under section 4, Revisal, the administrator *de bonis non* of Mrs. Quinn is entitled to her share of the fund in question, to be held by him for the benefit of J. R. Quinn, the husband, subject to the claims of her creditors and others having rightful demands against her; for the protection of this fund against creditors, provided for by the statute, sec-

tion 59, *supra,* refers to the creditors of the intestate and does not extend or apply to the creditors of the distributees.

There is no error in the judgment below, and the same is

Affirmed.