## HUTCHINSON et al. v. KENNEY.

Circuit Court of Appeals, Fourth Circuit.
June 26, 1928.

No. 2697.

1. Equity ⬤87(2)—Mere delay, not amounting to bar of statute, does not generally constitute laches.

Mere delay does not of itself constitute laches, where not amounting to bar of statute, especially if delay does not work any injury to the rights of the other party.

2. Equity ⬤67—"Estoppel by laches" is failure to do something which should be done or to enforce right at proper time.

"Estoppel by laches" merely constitutes failure to do something which should be done or to claim or enforce a right at a proper time.

[Ed. Note.—For other definitions, see Words and Phrases, Estoppel by Laches.]

3. Judgment ⬡⇒685—Decision adjudicating creditor's lien on furniture under attachment in suit against hotel corporation held res judicata of right of purchaser of corporation's real property on foreclosure to assert prior lien on furniture.

Decision of state court, allowing creditor of hotel corporation lien upon hotel furniture under attachment, in suit in which purchaser of hotel company's real property at foreclosure sale was active participant, *held* res judicata of such purchaser's right to enjoin sale of the furniture under execution on ground of prior equitable lien on furniture obtained through the mortgage and foreclosure, especially where subsequent suits involving same issue were brought by hotel corporation's trustee in bankruptcy and subsequently dismissed.

Appeal from the District Court of the United States for the Western District of North Carolina, at Asheville; Edwin Y. Webb, Judge.

Suit in equity by Myrta Wiggs Hutchinson and husband against J. K. Kenney. From an adverse decree, plaintiffs appeal. Affirmed.

This is a suit in equity brought in the District Court for the Western District of North Carolina by Myrta Wiggs Hutchinson and W. M. Hutchinson, her husband, against J. K. Kenney for an injunction to restrain the defendant from proceeding to sell, under execution from a state court, certain personal property consisting of valuable hotel furniture. The controversy between the parties, who are in the same position here as below, involves the right as between them to the possession of the furniture or the proceeds of its sale. Mrs. Hutchinson claims to hold an equitable mortgage covering the furniture. Kenney has obtained a judgment and a lien on the furniture by attachment, and an order for the sale of the same to satisfy the judgment. The District Court, at the instance of Mrs. Hutchinson, issued a restraining order, but at the hearing dismissed the same at her cost, and from this decree she appeals. A brief statement of facts follows:

Some time prior to 1909, the defendant and one Christie, his brother-in-law, as partners, operated a hotel company in North Carolina. From time to time they borrowed sums of money from Mrs. Wiggs, the mother of Mrs. Hutchinson, until the aggregate of these sums amounted to above $52,000. In April, 1909, they caused a Georgia corporation to be formed under the name of Balsam Hotel Company, and conveyed to it the property on which the hotel stood, together with a large additional acreage, and at the same time caused the company to issue $75,000 of bonds secured by mortgage on the property so conveyed, and $55,000 of these bonds were delivered to Mrs. Wiggs as security for her debt. In 1919, on the death of Mrs. Wiggs, the bonds, together with all other bonds secured by this mortgage, passed to her daughter Mrs. Hutchinson, and, upon default in payment of the principal and interest, suit was instituted in a North Carolina state court for foreclosure and sale of the property. The hotel company answered, admitted all of the allegations of the complaint, and a decree was entered the 12th of March, 1921, appointing a commissioner and directing a sale of the property, and the same was bought in for the account of Mrs. Hutchinson, and is still owned by her. In September following, Kenney brought an action at law against the hotel company to recover salary alleged to be due him for services rendered as clerk. This action was instituted in the same North Carolina court in which the foreclosure suit was lately pending, and jurisdiction was obtained against the hotel company by attaching the furniture. The hotel company appeared, a commissioner was appointed to state the account between the parties, and, upon the filing of exceptions, the court sustained the report, and judgment passed in favor of Kenney for the sum of $2,990.84, with interest, and the property attached was ordered to be sold for the satisfaction of the judgment. From this decree an appeal was taken to the Supreme Court of North Carolina (Kenney v. Balsam Hotel Co., 194 N. C. 44, 138 S. E. 349), and precisely the same questions raised by this appeal were presented there, and in June, 1927, decided favorably to Kenney's claim, the Supreme Court saying:

"The defendant seeks to present the question as to whether the personal property herein attached is subject to the prior lien of a deed of trust, executed by the defendant, April 3, 1909, to Mrs. W. H. Wiggs to secure an indebtedness of approximately $53,000.

"Without deciding whether the defendant, on the present record, is in position to raise this question, we are satisfied from a careful examination of the evidence that the judgment is fully supported by the facts found, and it is clear that the furniture attached herein is not included in the deed of trust executed to Mrs. Wiggs in 1909.

"The description of the property in the deed of trust is simply 'all those certain tracts or parcels of land, situate, lying and being in Scott's Creek township in the county of Jackson,' with specific calls by metes and

bounds, etc., and no enlargement of this description is to be found, either in the habendum or in the warranty clause, which would extend it to the personal property in question."

After this decision, and in July, 1927, the hotel company was adjudged bankrupt in Georgia, and a trustee in bankruptcy appointed. The trustee, claiming title to the furniture, in July, 1927, instituted an ancillary proceeding in the District Court of Western North Carolina to restrain the sale under the Kenney execution. At a subsequent hearing, the District Judge dissolved the injunction he had granted on the filing of the bill, and thereafter, upon the issuing of an alias execution from the state court for the sale of the property, the trustee in bankruptcy applied to the state court for an injunction, which after hearing was denied. No appeal was taken from the decree refusing an injunction in the federal court or in the state court, but instead this suit was instituted by Mrs. Hutchinson seeking the same relief.

Henry G. Robertson, of Franklin, N. C., for appellants.

Felix E. Alley, of Waynesville, N. C. (Hannah & Hannah and Alley & Alley, all of Waynesville, N. C., on the brief), for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and GRONER, District Judge.

GRONER, District Judge (after stating the facts as above). The assignments of error relied upon on this appeal are that the District Court erred in holding that the plaintiffs had been guilty of laches; that the court erred in holding in effect that the defendant's judgment was a prior lien on the furniture because defendant was at the time of the making of the mortgage an officer of the corporation, and had then represented that the furniture was covered under the terms of the mortgage as security for the debt therein secured; that the court erred in holding that the matters in dispute were res adjudicata because the plaintiffs were not parties to any of the suits set up in the answer of defendant, and that the court erred in not holding that the plaintiff, Mrs. Hutchinson was entitled to an equitable lien upon the hotel furniture. We will now dispose of these assignments.

[1] Plaintiff's mortgage was executed in 1909. In 1921 a decree of sale in a foreclosure suit was entered, and the property covered by the mortgage was purchased by her. Neither in the foreclosure suit nor in the mortgage itself does it anywhere appear that the hotel furniture was conveyed as security for the debt. The judgment which was rendered at the February term, 1921, fixed the amount of the debt and appointed a commissioner "to sell the lands described in the complaint and in the deed of trust." In the following September, Kenney brought his suit against the hotel company and attached the furniture, and, by consent of the parties, Mrs. Hutchinson, who, having purchased the hotel, was in possession of the furniture, was allowed to use it in connection with the hotel business, but in subordination to the rights of the sheriff under the attachment. The situation thus continued until, at the February term, 1927, Kenney got his judgment together with the right to have the furniture sold by the sheriff to satisfy his lien. It will thus be seen that for a period of nearly six years, plaintiff recognized that she had neither right nor title to the furniture by virtue of the bonds secured by the mortgage, and neither at the time of the foreclosure of her security, nor at the time of the institution of the suit by Kenney, did she make such claim. It is true she continued to hold the furniture, and to use it, but expressly subject to the ultimate determination of Kenney's claim of lien on it, and it was only after this claim was sustained by a decree of the state court that she asserted the claim she now makes here that the exclusion of the furniture in the granting provisions of the mortgage was an inadvertent omission. It is true that mere delay in itself does not constitute laches, and that ordinarily delay, not amounting to a bar of the statute, will not preclude relief; and this is especially true if the delay does not work injury to the rights of the other party. In such circumstances, a court of equity will rarely regard it sufficient to defeat an acknowledged right.

[2] In this case, while the lapse of six years is not in itself fatal, when considered in connection with the fact that during this entire period, plaintiff not only failed to assert the rights she now claims, but, in holding the furniture as the agent of the sheriff, and in assenting to a title wholly antagonistic to that she now sets up, she created an estoppel by laches, which is nothing more or less than the failure to do something which should be done, or to claim or enforce a right at a proper time.

[3] We do not, however, place our decision

upon this ground, nor do we think it necessary to do more than notice the assignment that the court below erred in not holding that the defendant's lien was subsequent to that of plaintiff because of his alleged representation. at the time of making the mortgage that it was purposed including the furniture under the security provisions thereof. In the first place, we find nothing in the record to justify the conclusion that he made such representation, and, in the second place, it abundantly appears that that question, as well as all other justiciable matters involving his debt, and his right to a lien, were submitted to the state court, and affirmed on appeal. In the litigation in the state court between Kenney and the hotel company, the plaintiff, though not a party, was an active participant. Her husband was then an officer in the hotel company, and all of the defenses to Kenney's claim which she seeks now to make in her own behalf were there made for her as fully as though she had been a party to the suit. The effect of the decision there was to determine the validity of Kenney's claim, and to constitute it a specific lien against the property described in the lien of the attachment. It should have been, and was, a final and complete determination of that question, and, in the ascertainment of facts, it was an estoppel by judgment. All of the necessary elements of the doctrine obtained. There was identity of the thing sued for, identity of cause of action, and identity of persons or privies, and, if more be needed to make this conclusive, it is furnished in the two subsequent suits, equally abortive, instituted by the trustee in bankruptcy in both the federal and the state courts. As such trustee in bankruptcy, he was clothed with all the powers and with all the rights of the bankrupt as the representative of the creditors. The dismissal of his bill in both courts and the failure to appeal therefrom in either was conclusive of every point which properly belonged to the subject of litigation and which the parties in the exercise of due diligence might have brought forward. The skeleton record before us does not show with the fullness we should like all of the proceedings of these several suits, but enough appears to satisfy us that all the matters now sought to be raised in this bill have had judicial determination in a court of competent jurisdiction at the suit of the parties here or of their privies, and that these matters may not now be litigated here. But, over and beyond all of this, a careful inspection of the record in this case convinces

27 F.(2d)—17

us, as was decided by the Supreme Court of North Carolina, that the furniture attached by Kenney was not included in the deed of trust to Mrs. Wiggs, the mother of Mrs. Hutchinson, and, in addition to this, that the record wholly fails to show that it was ever intended so to be.

In these circumstances, we feel that the decree of the lower court discharging the injunction and dismissing plaintiff's bill was clearly right, and should be, and is, affirmed.

Affirmed.