E. B. ATKINSON, ON BEHALF OF HIMSELF AND OTHERS, v. E. C. GREENE ET AL., AND THE CITY OF ASHEVILLE AND THE FRENCH BROAD CEMETERY.

(Filed 24 April, 1929.)

**1. Actions D a—Action is commenced from issuance of summons.**

The commencement of a civil action is at the time of the issuance of the summons, from which time the action is pending.

**2. Municipal Corporations J a—Allegation of demand upon and refusal of city to bring action not necessary in this case.**

In an action by a taxpayer, in behalf of himself and others, to vacate and set aside a deed to the city by a cemetery association on the ground of collusion and fraud between the association and the two commissioners who since have been succeeded by others, but were in office at the time of the issuance of the summons: *Held,* as the city officials were in office when the action was commenced the service was proper, and an allegation of demand upon and refusal of the city to bring suit was not required.

**3. Same—Plea in Bar.**

*Held,* upon the facts of this case, the defendant's plea in bar was properly overruled with leave to file answer.

APPEAL by defendants from *Sink, Special Judge,* at April Special Term, 1928, of BUNCOMBE. Affirmed.

*Marcus Erwin and Alfred S. Barnard for plaintiff.*
*George Pennell, Mark W. Brown and Carter & Carter for defendants.*

ADAMS, J. The original summons was issued 16 May, 1927, and served on all the defendants therein named on 20 May, 1927. Among these defendants were John H. Cathey and Frank L. Conder, officers of the city, who constituted a majority of the city board of commissioners. Neither the City of Asheville nor the French Broad Cemetery Company was a party, but each of them was afterwards made a party defendant by an order of court. The summons against these two defendants was issued 23 May, 1927, and served the day following. The date of its issuance was the day before Cathey and Conder retired from office— the day before they were succeeded respectively by Roberts and Rogers.

The plaintiff, suing on behalf of himself and other taxpayers, filed a complaint setting up two causes of action. His object was to vacate and set aside a deed conveying land to be used as a cemetery, executed on 4 March, 1927, to the City of Asheville by the French Broad Cemetery Company. The gravamen of the action is fraud and collusion in effecting the sale between Cathey and Conder as officers of the city and the officers and stockholders of the Cemetery Company. For the purpose of barring the prosecution of the action the defendants alleged that the summons was served on the city within the space of a few minutes after the oath had been administered to the officers succeeding Cathey and Conder, and that it was not served on the city while Cathey and Conder were in office. Upon these facts the defendants submit the legal proposition that the action cannot be maintained in the absence of an allegation in the complaint that the plaintiff had requested the governing

body of the city to take such action as was necessary to vacate and cancel the deed and that such action had not been taken. Whether such request was necessary is the question for decision. The controlling principle is enunciated in the authorities cited in *Murphy v. Greensboro,* 190 N. C., 268, 275. An allegation that the city refused to bring suit is not necessary if the request to bring it was not required. Such request was not required if at the time the suit was brought the corporate management was in control of the officers who are said to have connived with the officers and stockholders of the Cemetery Company. *Murphy v. Greensboro, supra,* 276, and citations. That they were in control when the summons was issued is admitted.

A civil action is commenced when the summons is issued and, as the statute fixes the inception of the action, suit is pending from that time and not exclusively from the time when the summons is served. C. S., 475; *Pettigrew v. McCoin,* 165 N. C., 472; *Morrison v. Lewis, ante,* 79. As the city officials who are charged with the alleged wrong were in office when the action was commenced an allegation of a demand upon the city and the city's refusal to bring suit was not required. The cases of *Harrison v. New Bern,* 193 N. C., 555, and *White v. Hickory,* 195 N. C., 42, cited by the appellants, were decided upon facts which differ in material respects from those appearing in the present appeal.

Judge Sink overruled the plea in bar and gave leave to the city to file an answer. In our opinion his judgment is free from error and should be

Affirmed.