IN THE MATTER OF THE ESTATE OF WILSON MERIWETHER MILES,
DECEASED.

(Filed 4 November, 1964.)

**1. Death § 3—**

The right of action for wrongful death is exclusively statutory in this State. G.S. 28-173, G.S. 28-174.

**2. Same; Abatement and Revival § 10—**

An action for wrongful death survives the death of the tort-feasor and may be maintained against the executor or administrator of the tort-feasor. G.S. 28-173.

**3. Death § 4—**

An action for wrongful death must be brought within two years. G.S. 1-53(4).

**4. Executors and Administrators § 33—**

An order approving the final account of an administratrix and discharging her may be set aside by motion in the cause without a showing of fraud or mistake or the necessity of surcharging the final account, it being sufficient if movant show a valid claim against the estate not barred by any statute of limitations, and assets of the estate available for the payment of such claim.

**5. Same—**

An administrator who institutes action for the wrongful death of his intestate within the statutory time, G.S. 1-53(4), against the estate of the deceased tort-feasor is entitled to have the order of the clerk discharging the administratrix of the deceased tort-feasor set aside by motion in the cause upon showing a policy of liability insurance in the hands of the administratrix of the deceased tort-feasor available for the payment of the claim.

**6. Actions § 10—**

An action is begun from the time of issuance of summons and not its service.

**7. Courts § 6—**

Even if it be conceded that the judge of the Superior Court is bound by the findings of the clerk on appeal from the clerk's refusal to set aside his order approving the final account and discharging an administratrix, the court may review the clerk's conclusions of law and may properly set aside conclusions not supported by the facts, and the court's findings of certain additional facts which are irrelevant to the rights of the parties and therefore not prejudicial, will not be disturbed.

**8. Equity § 2—**

Findings which disclose that an action was brought within the statutory limitation and that delay in bringing the action did not prejudice or dis-

advantage the defendant, do not support the conclusion that plaintiff was guilty of laches.

**9. Executors and Administrators § 18—**

Even if it be conceded that G.S. 28-113 is applicable to a claim for unliquidated damages, the statute would bar a claim only as to assets paid out by the personal representative and would not bar a claim for damages for wrongful death, instituted within the statutory limitation, as against undistributed assets of the estate.

**10. Executors and Administrators § 33—**

Where the Superior Court sets aside the order of the clerk discharging an administratrix and approving her final account so as to permit the assertion of a claim for wrongful death against the undistributed assets of the estate, the court should not direct that the clerk appoint a public administrator or some other suitable person, since such appointment would be necessary only in the event the administratrix resigned.

APPEAL by Eugenia Payne Miles, discharged administratrix c. t. a. of the estate of Wilson Meriwether Miles, deceased, from *Riddle, S. J.,* 1 June 1964, Schedule "D" nonjury Session of MECKLENBURG.

Petitioner Robert L. Grubb, administrator of the estate of Ronald Allen Sybrant, deceased, who has a claim against the estate of Wilson Meriwether Miles, deceased, for an alleged death by wrongful act sustained in an automobile accident (G.S. 28-173 and 28-174), filed a petition on 6 March 1964 before the clerk of the superior court of Mecklenburg County to reopen the account of Eugenia Payne Miles, the discharged administratrix c. t. a., and the estate of Wilson Meriwether Miles, deceased.

On 10 March 1964 Eugenia Payne Miles, who called herself formerly administratrix c. t. a. of the estate of Wilson Meriwether Miles, deceased, filed an answer to the petition of Grubb, administrator of the estate of Sybrant, deceased, in the office of the clerk of the superior court of Mecklenburg County.

On 10 January 1962 Ronald Allen Sybrant, a nonresident of the State of North Carolina, was riding as a guest in an automobile driven by Wilson Meriwether Miles, a resident of Mecklenburg County, North Carolina. On that date the automobile in which they were riding was involved in an accident, apparently in Davidson County, North Carolina, and both died the same day from injuries sustained in the accident.

On 27 March 1964 the petition and answer thereto were heard by the clerk of the superior court of Mecklenburg County upon the argument

of counsel, and he made what he terms findings of fact, though some are conclusions of law. These we summarize:

On 2 February 1962 (the record shows letters of administration were issued on 5 February 1962), Eugenia Payne Miles was appointed administratrix c. t. a. of the estate of Wilson Meriwether Miles, deceased, by the clerk of the superior court of Mecklenburg County. On 11 February 1963, she, as administratrix, filed her final account in said estate and was that date discharged as administratrix by an order entered by an assistant clerk of the superior court of Mecklenburg County.

The record does not reveal that the petitioner Grubb, administrator of the estate of Sybrant, deceased, filed any claim with the administratrix of the estate of Wilson Meriwether Miles, deceased, prior to the time she was discharged.

At the present time there are no assets remaining in the estate of Wilson Meriwether Miles, except the possible liability coverage of an automobile liability policy which insured Wilson Meriwether Miles, deceased.

Sybrant died 10 January 1962, and petitioner Grubb was appointed administrator of his estate on or about 8 January 1964 by the clerk of the superior court of Davidson County, North Carolina.

Petitioner Grubb instituted an action for wrongful death in the superior court of Davidson County on 9 January 1964 against Eugenia Payne Miles, administratrix c. t. a. of the estate of Wilson Meriwether Miles, deceased.

The court does not find any evidence of fraud, mismanagement, misrepresentation, or mistake on the part of the administratrix of the estate of Wilson Meriwether Miles, deceased, nor any inequities that would warrant the opening of the administration of his estate.

Petitioner Grubb is guilty of laches in presenting his claim with the administratrix of the estate of Wilson Meriwether Miles, deceased.

The court concluded, in its discretion, that as a matter of law, the petitioner is not entitled to reopen the administration of the estate of Wilson Meriwether Miles, deceased.

Whereupon, the clerk entered an order decreeing that petitioner's prayer set forth in his complaint is denied.

Petitioner made a broadside exception to the clerk's findings of fact and conclusions of law, and further excepted to the entry of the order and appealed to the judge of the superior court. The appeal was heard by Judge Riddle on 11 June 1964. Based upon the petition of Robert L. Grubb, administrator of the estate of Sybrant, deceased, and evidence offered, the judge made the following findings of fact, which we summarize: On 10 January 1962 Ronald Allen Sybrant, a nonresident

of this State, died intestate in Davidson County, North Carolina, as the result of injuries sustained while riding as a guest passenger in an automobile operated by Wilson Meriwether Miles. On 8 January 1964 Robert L. Grubb was appointed administrator of the estate of Sybrant, deceased, by the clerk of the superior court of Davidson County, North Carolina, and is presently acting and serving in such representative capacity.

Wilson Meriwether Miles died on 10 January 1962. On 2 February 1962 Eugenia Payne Miles was appointed administratrix c. t. a. of his estate by the clerk of the superior court of Mecklenburg County, North Carolina. On 11 February 1963 an order was entered by the assistant clerk of the superior court of Mecklenburg County, North Carolina, approving the final account of Eugenia Payne Miles, administratrix c. t. a. of the estate of Wilson Meriwether Miles, directing her discharge as administratrix c. t. a. of his estate.

Robert L. Grubb, administrator of the estate of Sybrant, deceased, has a meritorious claim against the estate of Wilson Meriwether Miles, deceased, to wit, a cause of action for the wrongful death of his intestate which is presently pending in the superior court of Davidson County, North Carolina, a complaint having been filed and summons issued from said court on 9 January 1964, which was within the statutory period allowed by law, and said action is still pending.

A policy of liability insurance issued by the Lumberman's Mutual Casualty Company, Policy No. 24-A-16039-X, is an asset of the estate of Wilson Meriwether Miles, which may be available for the payment of the claim for wrongful death of the said Sybrant. That representatives of the said Casualty Company negotiated with attorneys representing the beneficiaries of the estate of the said Sybrant during the period from April 1962 to December 1962. That no notice as provided by G.S. 28-49 has ever been served on Robert L. Grubb, administrator of the estate of said Sybrant, or anyone representing said estate.

Based upon his findings of fact, the judge entered an order decreeing that the order of the clerk of the superior court of Mecklenburg County dated 27 March 1964 denying the reopening of the estate of Wilson Meriwether Miles, deceased, and the appointment of a personal representative thereof, be and the same is hereby vacated, and ordering this matter remanded to the clerk of the superior court of Mecklenburg County, North Carolina, for an appropriate order and appointment of the public administrator of Mecklenburg County, North Carolina, or some other suitable person as personal representative of the estate of Wilson Meriwether Miles, deceased, for the reason that the

administratrix of the Miles estate had been discharged prior to the appointment of an administrator of the Sybrant estate.

From this order, Eugenia Payne Miles, discharged administratrix of Wilson Meriwether Miles, deceased, appeals.

*Dockery, Ruff, Perry, Bond & Cobb by Lyn Bond, Jr., for respondent appellant.*

*A. L. Meyland and Henry H. Isaacson for petitioner appellee.*

PARKER, J. In North Carolina a right of action to recover damages for wrongful death is given by G.S. 28-173 and 28-174, and in this jurisdiction the action for wrongful death exists only by virtue of these statutes. *In re Estate of Ives,* 248 N.C. 176, 102 S.E. 2d 807. By the specific language of G.S. 28-173, when the death of a person is caused by a wrongful act, neglect or default of another, such as would, if the injured party had lived, have entitled him to an action for damages therefor, and the person that would have been so liable dies, or is killed at the same time as here, then the action for damages for wrongful death survives the death of the tort-feasor against his executor or administrator. See *McIntyre v. Josey,* 239 N.C. 109, 79 S.E. 2d 202. Such an action must be brought within two years. G.S. 1-53, subsection 4.

In *Neill v. Wilson,* 146 N.C. 242, 59 S.E. 674, the Court, after quoting our wrongful death statute, now G.S. 28-173, said: "* * * we are of opinion that the statute quoted gives clear indication of the purpose of the Legislature to impress upon the right of action the character of property as a part of the intestate's estate * * *."

Grubb, administrator of the estate of Sybrant, deceased, has an unliquidated claim against the estate of Wilson Meriwether Miles, deceased, and on 9 January 1964 commenced an action to recover damages for the alleged wrongful death of his intestate against Eugenia Payne Miles, administratrix c. t. a. of the estate of Wilson Meriwether Miles. The case of *Mitchell v. Downs,* 252 N.C. 430, 113 S.E. 2d 892, is helpful in the present situation. This was a civil action to recover of defendant's decedent damages as a result of fraud and misrepresentation of defendant's decedent Harry E. Poulos. After one Mitchell, who had qualified as executor of the estate of Poulos, resigned, Kenneth R. Downs was appointed administrator c. t. a., d. b. n., of the estate of Poulos, and entered upon his duties. Afterwards, on 7 November 1958 he filed in the clerk's office a final account, which was audited and approved, and an order discharging him as such administrator c. t. a., d. b. n., was signed by the clerk of the court and filed in his office. On 5 June 1959 the present action was filed naming Downs, administrator

c. t. a., d. b. n., of the estate of Poulos, as defendant, and summons was issued and served. It appeared that funds were in the hands of the clerk which would indicate that Poulos' estate had not been settled. The Court held that under the circumstances the order of the clerk is subject to be set aside on motion in the cause, and "then the way would be open to plaintiffs to assert claim against the administrator of the estate." See also *King v. Richardson*, 136 F. 2d 849.

The Court, speaking by *Ervin, J.*, said in *Doub v. Harper*, 234 N.C. 14, 65 S.E. 2d 309: "Moreover, neither the final account of an executor nor an order of the probate court approving it is operative as to matters not included or necessarily involved in the account. [Citing authority.] Furthermore, an order of discharge made by the probate court on a final accounting by an executor cannot do more in any event than discharge the executor from liability for the past. It does not destroy the executorship * * *." In accord, 21 Am. Jur., Executors and Administrators, § 170.

Petitioner had a right to present his claim for the alleged wrongful death of his intestate in a court of law against a representative of the Miles estate according to the provisions of G.S. 28-173 and G.S. 1-53, subsection 4. In seeking to have the clerk set aside his order discharging the administratrix c. t. a. of the estate of Miles and approving his account, in order that the way would be open for him to assert his action for wrongful death against the administratrix c. t. a. of the estate of Miles, it was not necessary for petitioner to surcharge the final account of the administratrix c. t. a. of the estate of Miles, or to show evidence of fraud, mismanagement or mistake on the part of such administratrix (in his petition he alleges no such grounds for relief), because petitioner's claim was not included or necessarily involved in her final accounting, and further, because until petitioner's unliquidated claim had been disposed of, it cannot be held that the Miles estate has been completely settled. *Doub v. Harper, supra; Powell v. Buchanan, Admrx.*, 245 Miss. 4, 147 So. 2d 110; *In re Palmer's Estate*, 41 Ill. App. 2d 234, 190 N.E. 2d 500. We do not believe the right of petitioner can be defeated merely because the administratrix c. t. a. of the estate of Miles has filed her so-called final account and been discharged, when the clerk found as a fact, and also Judge Riddle, that petitioner Grubb, administrator of the estate of Sybrant, commenced the action to recover damages for wrongful death within the statutory period. G.S. 1-53, subsection 4; *Powell v. Buchanan, Admrx., supra; In re Palmer's Estate, supra.*

Petitioner's exception to the order rendered by the clerk presented to Judge Riddle the question as to whether the facts found by the clerk

support his conclusions and order, and whether there is error of law on the face of the record proper. *Webb v. Gaskins,* 255 N.C. 281, 121 S.E. 2d 564, and cases there cited.

The clerk's conclusion that he found no evidence of fraud, mismanagement or mistake on the part of the administratrix c. t. a. of the Miles estate, nor any inequities that would warrant the opening of the Miles estate, is irrelevant and immaterial, because on the facts found by the clerk petitioner was not required to show such facts to reopen the administration of the Miles estate.

The clerk found that Sybrant died on 10 January 1962; that petitioner was appointed administrator of his estate on 8 January 1964, and "instituted an action for wrongful death in the superior court of Davidson county on January 9, 1964 against Eugenia Payne Miles, administratrix c. t. a. of the estate of Wilson Meriwether Miles, deceased." Appellant did not except to this finding. Judge Riddle made a similar finding, and further found that a complaint was filed with the superior court of Davidson County and a summons in said action issued from that court on 9 January 1964. The Court said in *Atkinson v. Greene,* 197 N.C. 118, 147 S.E. 811: "A civil action is commenced when the summons is issued and, as the statute fixes the inception of the action, suit is pending from that time and not exclusively from the time when the summons is served." The clerk's conclusion in his order that petitioner is guilty of laches in presenting his claim is not supported by the facts found by him, because mere delay of petitioner in commencing his action for damages for wrongful death, which does not amount to a bar of the statute of limitations, does not of itself constitute laches, where the delay has not worked an injury or prejudice or disadvantage to the administratrix c. t. a. of the Miles estate, and the clerk has found no facts that petitioner's delay would work prejudice or injury to the estate of Miles, deceased. *East Side Builders v. Brown,* 234 N.C. 517, 67 S.E. 2d 489; *Teachey v. Gurley,* 214 N.C. 288, 199 S.E. 83; *Hutchinson v. Kenney,* 27 F. 2d 254.

The facts found by the clerk do not support his order denying petitioner's motion to set aside his order discharging the administratrix c. t. a. of the Miles estate, and failing to reopen the administration of the Miles estate to the end that petitioner may assert in a court of law his claim against the administratrix c. t. a. of the Miles estate.

Appellant strenuously contends in her brief that Judge Riddle erred in not finding facts found by the clerk and in finding new facts: that Judge Riddle on appeal from the clerk's order could only review the clerk's order to determine if the clerk's findings of fact support his order. It is not necessary in passing on this appeal to decide this ques-

tion, for the simple reason that Judge Riddle found the same crucial facts that the clerk did, and in doing so and in finding additional facts Judge Riddle did not prejudice appellant. Judge Riddle correctly did not make any conclusion of law about fraud, etc., of the administratrix c. t. a. of the Miles estate as the clerk did, because under the circumstances here it was irrelevant, and did not incorporate in his order the clerk's erroneous conclusion of law on the facts found by him that petitioner was guilty of laches in presenting his claim; both of which conclusions of law the clerk's order terms findings of fact. The clerk found there was an automobile policy insuring Wilson Meriwether Miles, deceased. Surely, Judge Riddle's finding as a fact the name of the company issuing the policy and the policy number, and that this is an asset of the Miles estate which may be available for the payment of the claim for wrongful death of petitioner's intestate, did not prejudice appellant. Judge Riddle's finding of unsuccessful negotiations by the insurance company to settle the death claim of the Sybrant estate is only competent on the question of laches, and does not prejudice any rights of the appellant, because on the facts found by the clerk petitioner was not guilty of laches. Judge Riddle found that no notice has ever been served on a representative of the Sybrant estate as provided for by G.S. 28-49. Appellant in her answer to the petition does not allege she caused notice to be served on a representative of the Sybrant estate, and there is nothing in the record to indicate that any notice was served. Consequently, this finding by Judge Riddle is immaterial and irrelevant, and does not seem prejudicial to appellant. The clerk found that petitioner instituted an action for wrongful death on 9 January 1964. It would seem that Judge Riddle's finding to the same effect and his further finding that summons was issued on that date did not prejudice appellant.

Although appellant contends Judge Riddle could find no facts, she contends he erred in not finding as a fact that petitioner never filed any claim against the Miles estate prior to her discharge. By the provisions of G.S. 28-113, if a claim is not presented in six months, the representative is discharged as to assets paid. Even if this statute applies to a claim for unliquidated damages, which we do not concede, it would only bar petitioner's claim for damages for wrongful death as to assets paid out by appellant, and he could still assert his demand against undistributed assets of the estate and without cost against the administratrix c. t. a. of the Miles estate. *In re Estate of Bost,* 211 N.C. 440, 190 S.E. 756. In our opinion, failure of petitioner to file a claim for unliquidated damages with appellant does not bar his action, where he is seeking to recover damages for an alleged

wrongful death of his intestate, and to collect it out of the automobile liability insurance policy issued to Miles, deceased. The failure of Judge Riddle to find the facts requested by appellant was not prejudicial to appellant.

On the crucial facts found by the clerk, and on the same crucial facts found again by Judge Riddle in his order, he correctly decided in effect that the clerk's findings of fact do not support his order that as a matter of law petitioner is not entitled to reopen the administration of the Miles estate, and he correctly vacated the clerk's order. Upon the crucial facts found by the clerk, and upon the same crucial facts found again by Judge Riddle, he correctly remanded the matter to the clerk for an order in effect to reopen the administration of the estate of Miles, but he erred in ordering the appointment of the public administrator of Mecklenburg County or some other suitable person as personal representative of the Miles estate. *Edwards v. McLawhorn,* 218 N.C. 543, 11 S.E. 2d 562; *Doub v. Harper, supra.* Upon the remand of this case to the clerk of the superior court of Mecklenburg County, he, the clerk, will enter an order reopening the administration of the Miles estate, setting aside his former order discharging Eugenia Payne Miles, administratrix of the Miles estate, and approving her final account, so that the way will be open to petitioner to assert his death claim against the administratrix c. t. a. of the Miles estate in a court of law, and if the administratrix c. t. a. of the Miles estate then resigns, he shall, after her resignation, appoint some other suitable person as administratrix or administrator of the Miles estate.

In a case with substantially similar facts as here, the Supreme Court of Mississippi in *Powell v. Buchanan, Admrx., supra,* reached a substantially similar conclusion as we have here. Our decision is also supported by the decision of the Illinois Court of Appeals in *In re Palmer's Estate, supra.*

The crucial findings of fact made by the clerk, and found again by Judge Riddle, are supported by competent evidence. All of appellant's assignments of error have been examined and are overruled.

Judge Riddle's order as modified is affirmed.

Modified and affirmed.