508 P.2d 23

In the Matter of the ESTATE of Max A. TORRES, Deceased.

Frank GARCIA, Appellant,

v.

Al TORRES, aka Max A. Torres, et al., Appellees.

No. 9514.

Supreme Court of New Mexico.

March 23, 1973.

Turpen, Hunt & Booth, Albuquerque, for appellant.

Mayo T. Boucher, Robert J. Laughlin, Belen, for appellees.

## OPINION

OMAN, Justice.

This is an appeal from an order denying a motion to reopen administration proceedings in the estate of Max A. Torres, deceased. We affirm.

On or about October 23, 1969, Max A. Torres, his son, Albert Stacey Torres, and Erlindo O. Garcia, all residents of Valencia County, New Mexico, were on a flight from the Belen-Los Lunas airport in Valencia County to Denver, Colorado. Mr. Torres and his son had rented the small plane they were flying from a Mr. Wood, or from a flying club of which he was president. Apparently Mr. Garcia was a passenger on the flight.

The plane crashed near San Luis in Costilla County, Colorado, resulting in the death of all the occupants. The site of the crash and the bodies of the decedents were not discovered for several months.

On May 4, 1970, Mrs. Charlotte Torres, widow of Max A. Torres, petitioned the district court of Valencia County, acting in probate, for her appointment as administratrix of the estate of her deceased husband. Letters of administration issued unto her. These administration proceedings were fully concluded on December 23, 1970 upon the entry of an order approving final account and report, determining heirship, distributing the assets of the estate and discharging the administratrix and her bondsman. No attack is made upon the regularity of the administration proceedings.

The record before us fails to show the date when Frank Garcia was appointed by a court of competent jurisdiction in Valencia County as administrator of the estate of Erlindo O. Garcia, who, as above stated, was a resident of that county at the time of his death. Neither does the record before us indicate whether this appointment was made by the district court, acting in probate, or by the probate court. However, both courts are located in the Valencia County courthouse at Los Lunas, and they have concurrent jurisdiction in probate matters. Section 30–2–24, N.M.S.A. 1953 (Supp.1971).

Some time in June 1970, the attorney for the estate of Erlindo O. Garcia, who is one of the attorneys representing the administrator of that estate on this appeal, was making an investigation into the cause of the plane crash, because at that time he requested a copy of the investigation report from the National Transportation Safety Board.

Apparently on October 22, 1971, Frank Garcia, as personal representative of Erlindo O. Garcia and administrator of his estate, filed suit in the district court of Costilla County, Colorado, against Max A. Torres and his personal representative or guardian ad litem, as well as against other defendants. At least summons issued from the Colorado court on that date and attached thereto was a copy of a complaint. This suit in Colorado appears to have been brought pursuant to the Colorado wrongful death statute. However, from a reading of the copy of the complaint, we cannot be absolutely certain of this.

On January 24, 1972, Frank Garcia, administrator of the estate of Erlindo O. Garcia, filed in the administration proceedings of the estate of Max A. Torres, deceased, a motion to reopen for the recited purpose of having the district court of Valencia County "select someone to accept service of process for a wrongful death action to be brought against the estate of the decedent." The only wrongful death action in any way referred to in the record is civil action No. 1854 on the docket of the district court of Costilla County, Colorado,

and which, as above stated, was apparently filed on October 22, 1971, pursuant to the Colorado wrongful death statute.

In the order denying this motion and from which order this appeal was taken, the court found:

"That the estate has been completely administered and that the assets have been distributed to the heirs and the administratrix and her bondsman have been discharged; further, that at the time the estate was closed, [December 23, 1970] no action was pending against said estate and no notice of any kind had been given to the administratrix concerning any action for wrongful death."

No attack is made upon any of these findings. As already stated, the court then ordered the motion denied.

Frank Garcia, administrator of the estate of Erlindo O. Garcia, is the appellant herein, and Charlotte Torres, widow and former administratrix of the estate of Max A. Torres, is the appellee. The point relied upon by appellant for reversal of the order denying his motion to reopen is phrased in question form as follows:

"Did the trial court [district court acting in probate] err in not reopening the estate of Max A. Torres for the appointment of a person to accept service of process for the decedent in a wrongful death action?"

Our answer to this question is that the trial court did not err.

Appellant relies primarily upon the cases of Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671 (1952) and Dunn v. Lindsey, 68 N.M. 288, 361 P.2d 328 (1961). In the Frei case, this court held the provisions of §§ 31–8–2 and 3, N.M.S.A.1953, to the effect that all claims against the estates of deceased persons not filed and notice given in the probate or administration proceedings within six months from the date of the first publication of notice of appointment of the executor or administrator shall be barred, referred only to claims arising out of contract and not to claims arising out of tort. However, the tort action on behalf of the Frei child was filed prior to the expiration

of said six month period, and the executor was aware of this tort action before the estate proceedings were closed. In fact the estate was still in the process of being administered when the matter of the failure to file a claim in the probate court was raised as a defense in the tort action.

Thus, the question presented in the case now before us, to wit, the propriety of the probate court in refusing to reopen the administration proceedings for the sole purpose of appointing a person upon whom to serve process in the tort action, was not present in the Frei case. As already stated, we are here concerned with the reopening of administration proceedings in which the estate property had been distributed, the administratrix and her bondsman had been discharged, and the proceedings had been fully concluded some thirteen months prior to the filing in the probate court of the motion to reopen.

The issue in Dunn v. Lindsey, supra, was somewhat similar to the issue here present, and, although the result reached therein is contrary to the result we here reach, the language of that opinion lends support to the conclusion we reach under the facts of the present case. In Dunn the court held a tort claimant to be a creditor or other person interested in the estate of the claimed tortfeasor. See § 31–12–11, N.M.S.A.1953. However, the quotation by the court from that section of our statute clearly indicates the court overlooked the fact that this statute had been amended in 1955 so as to require the filing by a creditor or other person interested in the estate of objections, if any, to the final report. The attorneys in the present case have apparently also overlooked this amendment. This statute as amended now appears as § 31–12–11, N.M.S.A.1953 (Supp.1971), and provides in pertinent part:

"31–12–11. *Objections to final report —Claims of heirship or interest in estate.*—Any heir at law, devisee, legatee, creditor or other person interested in the estate *shall* not less than ten [10] days before the day appointed for such hearing and settlement, file his objections

thereto, or to any particular item thereof, specifying the particulars of such objections. * * *" [Emphasis added]

■ As a creditor and person interested in the estate of Max A. Torres, the appellant, or some other personal representative of Erlindo O. Garcia, deceased, if there were objections to the final report of the administratrix, was obliged "not less than ten [10] days before the day appointed for such hearing and settlement [which was December 23, 1970]" to "file objections thereto." Had objections or exceptions to the final report been filed as required, appellant's position would have been entirely different from what it is now.

In the Dunn case the tort action had been initiated and objections were filed to the executor's final report. We stated that under these facts:

"* * * the executor's recognized duty to expeditiously close the estate must, in the instant case, temporarily yield to appellee's right to promptly pursue her remedy against the decedent's estate. The action by the probate court [overruling the objections to the final report approving the report, ordering distribution of the assets, and discharging the executor and his bondsmen], in view of the statute and all of the circumstances, was premature. * * *"

■ In the present case there was nothing to put the administratrix on notice of an impending tort claim against the estate of her deceased husband, and she had no reason or excuse for not fulfilling her obligation to expeditiously close the estate. Both the administratrix and the court acted properly in bringing these estate proceedings to a conclusion.

There is a suggestion in the record by one of appellant's attorneys that there was possibly some liability insurance which might cover some or all of any damages recovered for the alleged wrongful death of Erlindo O. Garcia. It is also suggested "* * * that all parties concerned [we assume by this is meant all parties to the

**756**

tort action in Colorado] may have rights at stake under said policy or policies." Whether or not such insurance exists, no question concerning the existence thereof or how or to what extent any party to the Colorado suit may recover any benefits thereunder is before us in these proceedings, and nothing said in this opinion is intended to have application to these questions.

Appellant has also cited Powell v. Buchanan, 245 Miss. 4, 147 So.2d 110 (1962), In Re Miles' Estate, 262 N.C. 647, 138 S.E.2d 487 (1964), and In Re Palmer's Estate, 41 Ill.App.2d 234, 190 N.E.2d 500 (1963), as giving some support to his position. He concedes none of these cases dealt with the precise issue here presented, and nothing said in the opinions therein persuades us to reverse the order of the court below, considering the limited question here presented in the light of the facts and circumstances of the case.

The order denying the motion to reopen should be affirmed.

It is so ordered.

STEPHENSON, and MONTOYA, JJ., concur.