565 P.2d 662

In the Matter of the ESTATE of Leonard Joseph ENGBROCK and Mary Engbrock, his wife, Deceased.

Kayle ADAMS and Sandra Adams, husband and wife, Martin Wallace and Christine Wallace, husband and wife, Carl Williams and Joyce Williams, husband and wife, A & A Concrete, Inc., an Arizona Corporation, Objectors-Appellants,

v.

Eugene ENGBROCK, Administrator, Appellee.

No. 11335.

Supreme Court of New Mexico.

June 20, 1977.

Robert S. Skinner, Raton, for appellants.

Kastler, Erwin & Davidson, William C. Erwin, Raton, for appellee.

## OPINION

SOSA, Justice.

Appellants the Adams, the Wallaces, the Williams, and A & A Concrete, Inc., tort claimants to the estates of the decedents, Leonard and Mary Engbrock, appeal from the district court's dismissal of their challenge to the closing of the estate by the probate court. On May 4, 1976, the decedents were killed in an automobile accident near Globe, Arizona. Three Arizona residents, Kayle Adams, Martin Wallace, and Carl Williams were injured in the accident. On May 10 probate was commenced on the decedents' estates in the Colfax County probate court. Notice of appointment of the administrator of their estates was published beginning May 13, 1976. On September 28 the administrator, Eugene Engbrock, filed his final account and report in the probate court, and notice of hearing thereon was published in the Raton Daily Range, beginning September 30 and running the requisite number of times. On October 1 the administrator of the estates was personally served process of a suit based on tort commenced in the United States District Court for the District of Arizona. In the probate matter appellants were not served with notice of the hearing of the final account

except by publication in the newspaper. On November 18 the probate court entered its final decree, approved the final accounting, and discharged the administrator. Shortly thereafter the appellants learned of the entry of the final decree. On December 7 they filed a motion for appeal to the district court pursuant to § 31–12–12, N.M. S.A. 1953. At the same time they filed objections to the final account and report, setting out generally the failure to give them notice of the hearing on the final account. An order granting appeal was entered December 7 and the matter was docketed in the district court. The administrator filed a motion to dismiss the appeal, and after a hearing on January 25, 1977, the district court entered an order dismissing the appeal.

The question for determination is the sufficiency of constructive notice by publication to known tort claimants.

Appellants argue (1) that they were entitled to notice by personal service of the pendency of the hearing on the final account in probate court and (2) that the probate court lacked jurisdiction to enter its final decree pursuant to the repeal of §§ 31–12–1 to –20, N.M.S.A. 1953 by 1975 N.M. Laws, ch. 257, art. IX at 1345. Appellee Engbrock argues (1) that appellants failed to file timely objections to the final account and report, thus they did not become persons aggrieved by the probate court's decision, citing *Dunn v. Lindsey*, 68 N.M. 288, 361 P.2d 328 (1961) [hereinafter *Dunn*] and *In Re Estate of Torres*, 84 N.M. 753, 508 P.2d 23 (1973) [hereinafter *Torres*]; (2) that § 31–12–7, N.M.S.A. 1953 does not require personal service upon potential tort claimants and that constructive notice by general publication is sufficient; (3) that appellants failed to diligently pursue their remedies by waiting 85 days before objecting to the final report (from the date of filing the federal suit to December 7), and, finally, (4) that the probate court had jurisdiction.

An examination of *Dunn* and *Torres* is in order. In *Torres* the administratrix appealed the decision denying a motion to reopen

the estate for the appointment of a person to accept service of process for a wrongful death action. The estate had been closed, the property distributed, the administratrix and her bondsman discharged, and the proceeding had been fully concluded thirteen months prior to the motion to reopen. We held that since there was nothing to put the administratrix on notice of an impending tort claim against the estate, and since she had no reason or excuse not to expeditiously close the estate, the court and the administratrix properly concluded probate. In *Dunn* the appellee tort claimant served the executor-appellant with a copy of the suit, and shortly thereafter the executor filed his final account without mentioning the pending tort action. The court closed the estate. We held that a tort claimant is an interested person in an estate, has standing, and is entitled to appeal the decision of the court. The closing of the estate in *Dunn* should have been stayed pending determination of the tort action.

As in *Dunn*, the administrator in this case was served with notice of a tort claim against the estate. The problem is whether failure to object to the final accounting bars tort claimants pursuant to § 31–12–11, N.M.S.A. 1953 (Supp. 1975), if the tort claimants receive only constructive notice by general publication of the hearing for a final account and report, despite the fact that the administrator knows of the tort claimants and their addresses. *Torres* is obviously distinguishable since no notice was given there. However, in discussing *Dunn v. Lindsey* in *Torres*, we discussed the very problem raised here. 84 N.M. at 753, 508 P.2d at 25. The implication of that discussion is that failure to file objections to the final accounting pursuant to § 31–12–11, supra, could bar the tort claim. We hold otherwise. We feel that personal service should have been afforded the appellants here of the date for hearing of the final account and report. First, the tort claimants, their attorneys, and their addresses were made available to the administrator. Second, the administrator knew or should have known that out-of-state tort

claimants have at best a very small chance of receiving notice through general publication, especially if the only publication was made in the Raton Daily Range, a local paper of limited circulation. Thus, we hold that with respect to *known* creditors, tort claimants, and other interested persons, constructive notice in a general publication of the hearing of the final account and report is insufficient to meet minimum due process requirements.

 The duty of an administrator or an executor, or the personal representative (as he is now called), is to preserve the assets of an estate for those legally entitled to that estate as determined by court decree.

The jurisdictional issue is without merit. The trial court is reversed with directions to reopen the estate for the purpose of holding another hearing on the final account and report. Each party shall bear his own costs.

EASLEY, J., and RUEBEN E. NIEVES, District Judge, concur.